## EX PARTE GUSSIE FERGUSON.

No. 20714. Delivered October 25, 1939.

The opinion states the case.

*Grady Sturgeon,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

On the 31st day of August, 1939, Gussie Ferguson, the relator, presented her original application to this Court for a writ of Habeas Corpus, in which she alleged that she was convicted in the County Court of Lamar County for a violation of the liquor laws of this State and a fine of $100 was assessed against her, besides costs. On the 10th day of June, 1939, she was taken into custody by the sheriff of said county and placed in jail, where she had been confined since said date. She further averred that she was only given credit upon her fine and costs at the rate of $1 per day, when under the law she was entitled to $3 per day. That she had been confined continuously since she was committed to jail for a period of 83 days. That her fine and costs amounted to $122 which she has long since discharged at the rate of $3 per day. That consequently she is being illegally restrained of her liberty by the sheriff of said county. One of the judges of this Court, upon the presentation of her application, ordered the writ issued and made the same returnable to the Court on the 4th day of

October. The sheriff of Lamar County, who was duly served with the writ in response thereto, states that it is true that he took her into custody on the 10th day of June, 1939, by virtue of a commitment issued out of the county court of said county and that he detained her until the 1st day of September, when he released her in obedience to the order· of this Court, after she had tendered him a good and sufficient bond in the amount set by this Court. The question presented is one regarding the Constitutionality of the following statutes, among others:

Art. 793 C. C. P. (as amended Acts 1937, 45th Leg. 1st. C. S., p. 1808, ch. 30, Sec. 1) provides as follows:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding Article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three Dollars ($3) for each day thereof; provided, however, that in all counties in this State containing a population of not less than 24,180 nor more than 24,200; or in any counties containing a population of not less than 41,000 and not more than 42,000; and in all counties having a population of not less than 43,030 and not more than · 43,050; and all counties having a population of not less than 37,286 and not more than 37,290; and all counties having a population of not less than 7,100 nor more than 7,150; and in counties containing a population of not less than 30,707 nor more than 30,709; and in counties containing a population of not less than 27,549 nor more than 27,551; and in counties containing a population of not less than 19,128 nor more than 19,130; and in counties containing a population of not less than 18,859 nor more than 18,661; and in counties containing a population of not less than 10,013 nor more than 10,015, according to the last preceding Federal Census, when a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding Article, or if there be no such work-

house, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him, rating such labor and imprisonment at not less than One Dollar ($1) per day nor more than Three Dollars ($3) per day.

"The Commissioners Court of each such county as defined by population brackets above in this State, at any regular or special term, shall, by order made and entered in the minutes of said Court, determine the rate of wages to be paid convicts in their respective counties for labor or imprisonment per day in accordance herewith."

Art. 793a makes further exceptions according to population brackets, while 794a is an outright provision in part that all able bodied convicts not otherwise employed shall work on the public highways and be paid therefor $1 per day for each 10 hours work in counties with a population bracket of from 43180 to 44,100. Art. 794b is a provision that all convicts either laying out fines or working them out in counties with certain population brackets as provided, shall receive but $1 a day credit on their fines, and Art. 794c is similar, but has application in Sec. 1 thereof to municipalities wherein an accused is convicted, while Sec. 2 thereof has application again to counties with specified population brackets.

Art. 794d C. C. P., provides as follows: "In all of the counties in this State containing a population of not less than 24,000 nor more than 24,100, and in all counties containing a population of not less than 25,390 nor more than 26,000, and in all counties containing a population of not less than 48,525 nor more than 48,535, and in all counties containing a population of not less than 49,000 nor more than 49,100, and in all counties containing a population of 53,930 nor more than 53,950, according to the last preceding Federal Census, all convicts either laying their fines out in jail or working out said fines on the county farm, county roads, or other public works, shall receive a credit therefor of $1 per day for each day worked or spent in jail." (Acts 1937, 45th Legis. 2nd C. S., p. 1901, ch. 24 Sec. 1.)

At the time of the enactment of the statute last quoted, the preceding Federal Census gave Lamar County a population of 48,529. A person convicted of a misdemeanor in that county and assessed a pecuniary fine might receive under the act only $1 a day credit on fine and costs.

Section 19 of our bill of rights provides that: "No citizen of this State shall be deprived of life, liberty, property, priv-

ileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

Art. 14 of Sec. 1 of Our Federal Constitution provides among other things that: "* * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The question presented here then is: Do the laws above recited operate upon all citizens of this State alike? Stated in another way, does the law above quoted, as enacted by the Legislature, give equal protection to all of our citizens alike? We think not. To better demonstrate the correctness of our conclusion, we make the following observation: A is convicted in B County for unlawfully carrying a pistol. His punishment is assessed at a fine of $100. C is convicted of a like offense in D County and his punishment is likewise assessed at $100. Neither can pay the fine and costs and both are placed in jail. The Commissioners Court of B County, in pursuance to the above statute, allows A a credit of $3 per day upon his fine and he need only serve slightly over 33 days. However, the Commissioners Court of D County allows a credit of only $1 per day and C must serve 100 days to discharge his fine. It occurs to us that to uphold this law would authorize the Commissioners Court to set aside the minimum punishment prescribed by the Legislature. It is quite obvious that some persons might be punished three times as much as others, although the juries assessed the minimum punishment prescribed by law in each instance. The judgment of conviction is the pronouncement of the penalty assessed against the convicted party, while the enforcement of the judgment is the infliction of the punishment. When two or more courts of co-ordinate jurisdiction in different counties each pronounce judgment upon an accused, which judgments are of identical severity, but the law permits one of these tribunals to prescribe, in the enforcement of the judgment, a more severe punishment than the other is allowed, then equal protection of all of its citizens, guaranteed by the Constitution, both State and Federal, is not accorded. What the statutes referred to really do is to empower distinct tribunals to deal differently with persons convicted of misdemeanors. The convicted may in one county serve a much more severe punishment than

another in a different county convicted of the same offense and awarded an identical punishment.

Moreover the classification seems to be based merely on the numbers of people in the various counties, not as to age, sex, or physical infirmities, or on any other manner which would appear to be a just or reasonable basis for classification. We are not unmindful of the power and authority of the Legislature to classify according to population, but such classification must be based on reasonable grounds—some difference which bears a just and proper relation to the attempted classification and not a mere arbitrary selection. Willoughby on the Constitution, Vol. 2, Sec. 485 (1910 Edition). This being true, we fail to see a reasonable basis for the classification in the instant case. Just why the people of Lamar County and the peoples of other counties falling within the prescribed population brackets should be accorded different treatment than the people of other counties of this State is apparent neither from the acts nor from the record before us.

The case of Ex Parte Sizemore, 110 Tex. Crim. Rep., 232, 8 S. W. (2d) 136, seems analagous to us. At that time (in 1928) the Legislature had passed a general law providing that convicts in misdemeanor cases be allowed $3 per day for each day worked, as credit on fine and costs. The 35th Legislature passed a special road law pertaining to Smith County which contained a provision requiring convicts not otherwise employed to labor on the public roads and receive a credit of fifty cents per day, and provided further that no convict should thereafter be credited with more than fifty cents. This Court, speaking through Judge Martin, held the special law was in conflict with the general law providing $3 per day credit. During the course of the opinion, he said: "A law which makes different punishments follow the same identical criminal acts in the different political subdivisions of Texas violates both our State and Federal Constitutions. It fails to accord equal rights and equal protection of the law, and a conviction under it is not in due course of the 'law of the land.'"

What this group of statutes (Arts. 793, 793a, 794, 794a, b, c, and d) really do is to present three groups of statutes regarding the same subject matter. In short, the greater part of the counties of the State are required to allow a credit of $3 per day, while a special group of counties, those falling within the population brackets set out by the acts, may allow from $1 to $3 per day, depending upon the order of the Commissioner's Court, and still another group may only allow $1

per day. As above noted, we have the anomalous situation of three counties, side by side, allowing credits of varying rates for persons convicted of an identical offense.

Authorities which by their reasoning seem in point to us are Ex Parte Jones, 290 S. W., 177, Smith v. State, 49 S. W. (2d), 739, 120 Tex. Crim. Rep., 431. See also Sec. 3 of Art. 1 of the Bill of Rights; Art. 1 Sec. 28; Art. 3 Sec. 56 of our State Constitution.

The Legislature has the authority to prescribe a specific punishment to be assessed against one convicted of a misdemeanor. When the convicted person has neither money or property to satisfy such a judgment, in case it be a pecuniary fine, the Legislature has a right to prescribe the method and the amount of credit to be allowed against fine and costs, where the convict either works or stays in jail. But we do not think that the Legislature has the power to delegate to the Commissioners Court authority to change or alter the quantum of punishment which has been assessed against the convict by a court of competent jurisdiction. To allow them to so do would, as previously noted in this opinion, be to allow one county to assess a much greater and more severe penalty than another county in an identical case and be a delegation of Legislative power.

Having reached the conclusion that the Acts of the Legislature herein discussed are in contravention of both the State and Federal Constitutions, it follows that appellant is entitled to her release under the General Law in effect at the time of the passage of the present Art. 793, since if she were given credit at the rate of $3 per day on fine and costs, her obligation would long since have been discharged. See Rotner v. State, 55 S. W. (2d), 98.

The relator is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.