Authorities which by their reasoning seem in point to us are Ex parte Jones, 106 Tex.Cr.R. 185, 290 S.W. 177, Smith v. State, 120 Tex.Cr.R. 431, 49 S.W.2d 739. See also Sec. 3 of Art. 1 of the Bill of Rights; Art. 1, Sec. 28; Art. 3, Sec. 56 of our State Constitution, Vernon's Ann.St.

The Legislature has the authority to prescribe a specific punishment to be assessed against one convicted of a misdemeanor. When the convicted person has neither money or property to satisfy such a judgment, in case it be a pecuniary fine, the Legislature has a right to prescribe the method and the amount of credit to be allowed against fine and costs, where the convict either works or stays in jail. But we do not think that the Legislature has the power to delegate to the Commissioners Court authority to change or alter the quantum of punishment which has been assessed against the convict by a court of competent jurisdiction. To allow them to do so would, as previously noted in this opinion, be to allow one county to assess a much greater and more severe penalty than another county in an identical case and be a delegation of Legislative power.

Having reached the conclusion that the Acts of the Legislature herein discussed are in contravention of both the State and Federal Constitutions, it follows that appellant is entitled to her release under the General Law in effect at the time of the passage of the present Art. 793, since if she were given credit at the rate of $3 per day on fine and costs, her obligation would long since have been discharged. See Rotner v. State, 122 Tex.Cr.R. 309, 55 S.W.2d 98.

The relator is ordered discharged.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Ex parte Roosevelt **PATTERSON.**

No. 20713.

Court of Criminal Appeals of Texas.

Oct. 25, 1939.

Grady Sturgeon, of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The question presented by this record is identical with that presented by the case of Ex parte Gussie Ferguson, Tex.Cr.App., 132 S.W.2d 408, this day decided by us. For the reasons assigned by the Court in that opinion, the relator is ordered discharged.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.