

# THE ATTORNEY GENERAL
## OF TEXAS

March 31, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll          Opinion No. JM-880
Harris County Attorney
1001 Preston, Suite 634          Re: Authority of a commis-
Houston, Texas  77002            sioners court to set fees
                                 for the execution of criminal
                                 warrants by a sheriff or
                                 constable  (RQ-1060)
Dear Mr. Driscoll:

You have requested an opinion from this office on the following question:

> May commissioners courts set fees for the execution of criminal warrants by the sheriff and constable?

In 1981, the legislature enacted article 3926a, V.T.C.S. (since codified as section 118.131 of the Local Government Code), reading:

> (a) The commissioners, court of each county may set reasonable fees to be charged for services by the offices of sheriffs and constables.

> (b) A commissioners court may not set fees higher than is necessary to pay the expenses of providing the services.

Acts 1981, 67th Leg., ch. 379, §1, at 1001.

Subsection 2(a) of the bill that enacted article 3926a contained the following provision: "Fees provided for sheriffs and constables in other laws in conflict with the provisions of this Act are repealed to the extent they conflict with this Act." Id. at §2. But the bill also stated, in section 3(b):

> Until a commissioners court prescribes different fees pursuant to Article 3926a, Revised Civil Statutes of Texas, 1925, the

> fees charged by a sheriff or constable are those provided by the law in effect on August 31, 1981. Fees charged by a sheriff or constable for services performed before the effective date of this Act are governed by the law in effect at the time the services were performed.

Therefore, by the express terms of the bill enacting article 3926a, if laws governing the collection of sheriff's fees in criminal cases were in conflict with the new law, they were repealed to the extent of the conflict, but only insofar as a particular commissioners court prescribed different fees. They were to remain in effect in those counties where no different fees were prescribed.

At the time article 3926a was enacted, articles 53.01, 53.02 and 53.04 of the Code of Criminal Procedure specified particular charges (applicable throughout the state) to be made for services performed by peace officers in misdemeanor cases. In 1985, the legislature first amended article 53.01, see Acts 1985, 69th Leg., ch. 239, §9, at 1183, and then, in a "nonsubstantive revision," relocated the substance of articles 53.01 and 53.04 (prior to amendment) to chapter 102 of the Code of Criminal Procedure as article 102.001 without expressly repealing the two articles from which the provisions were taken.[1] See Acts 1985, 69th Leg., ch. 269 at 1300. Articles 53.01 and 53.04 were eventually repealed in 1987 by the act that conformed article 102.001 to the previous 1985 amendments. See Acts 1987, 70th Leg., ch. 167, §4.01(b), at 2647.

In 1987, as part of a nonsubstantive recodification, article 3926a was incorporated into the Local Government Code as section 118.131 thereof with no significant change in language. See Acts 1987, 70th Leg., ch. 149, at 1397, 1699, 2548. The same legislature had previously amended article 3926a. See Acts 1987, 70th Leg., ch. 143, at 640. Although the earlier changes were not expressly carried forward by the nonsubstantive revision that transferred the statute to the Local Government Code, they are to be read as a part of the encoded provision. See Gov't Code

---

1. Article 53.02 of the Code of Criminal Procedure was repealed by the 69th Legislature. Acts 1985, 69th Leg., ch. 269, §5, at 1307.

§311.031(c) (repeal of article by code does not affect amendment of the article by the same legislature). None of these changes affect our answer.

In order to answer your question, we need not determine the relationship between the general provisions of the 1981 law giving power to commissioners courts (former article 3926a, V.T.C.S., now section 118.131 of the Local Government Code) and the specific provisions (now found in article 102.001) of the Code of Criminal Procedure which were in force at the time former article 3926a was enacted. We need not do so because we have concluded that the provisions now found in section 118.131 of the Local Government Code cannot constitutionally reach fees of sheriffs or constables assessed as costs in misdemeanor criminal cases.

In Texas, costs in misdemeanor criminal cases are assessed as part of the punishment. Ex parte Carson, 159 S.W.2d 126 (Tex. Crim. App. 1942); Ex parte Mann, 46 S.W. 828 (Tex. Crim. App. 1898). See also Attorney General Opinion JM-443 (1986). Cf. United States v. Palmer, 809 F.2d 1504 (11th Cir. 1987) (holding imposition of costs as punishment to be constitutional). A law allowing different costs to be assessed in different counties for the same penal offense would have the effect of allowing the penalty for state-defined crimes to vary from county to county and would violate both "due process" and "equal protection" constitutional rights. U.S. Const., 5th Amend., 14th Amend.; Tex. Const., art. I §§3, 19; Ex parte Carson, supra. See Memet v. State, 642 S.W.2d 518 (Tex. App. - Houston [14th Dist.] 1982, pet. ref'd). See also Ex Parte Ferguson, 132 S.W.2d 408 (Tex. Crim. App. 1939); Ex parte Sizemore, 8 S.W.2d 134 (Tex. Crim. App. 1928).

If we could reasonably construe article 3926a and its later expression, section 118.131 of the Local Government Code, as not intended to embrace criminal matters, we would do so in order to avoid suggesting unconstitutionality, but there is nothing on the face of either of them to indicate that the scope was intended to be anything less than all-embracing. Article 3926a was couched in language that would normally be considered inclusive of all "services by the offices of sheriffs and constables," and, although its application to fees charged in criminal cases was not discussed, it was so considered in Attorney General Opinion JM-193 (1984). Nothing now found in section 118.131 of the Local Government Code would alter that view. The retention of articles 53.01

and 53.04 of the Code of Criminal Procedure (and the later incorporation of article 102.001 in Title 2 thereof) respecting such fees indicates no intention to limit the eventual scope of article 3926a or section 118.131 because such statutes, if "in conflict" with article 3926a (or section 118.131), were intended to have continuing effect only where a commissioners court <u>failed</u> to use its "article 3926a" powers. Such statutes were intended to be of no effect in counties fully employing such authority.

A different argument about its intended scope could be made, perhaps, if the legislative history of article 3926a (or its successor) suggested a legislative intent that the statute apply only to civil proceedings, but the available legislative history shows affirmatively that it was <u>intended</u> to embrace fees in criminal proceedings as well as in civil proceedings. The Bill Analysis regarding House Bill No. 1617 (the 1981 bill enacting former article 3926a), prepared for the House Committee on Security and Sanctions of the 67th Legislature, states:

> <u>BACKGROUND INFORMATION</u>:
>
> At present, the legislature sets the fees charged for the delivery of civil <u>and criminal</u> papers by a sheriff or constable, and provides one cost for every county in the state. The legislature also decides the merits of such issues as 'attempted service.' The commissioners court of each county does not have the discretion of setting <u>these</u> fees, even though the cost of serving papers varies from county to county.
>
> <u>PURPOSE</u>
>
> This Bill would place the responsibility of setting fees charged by sheriffs and constables under the local control of the various commissioners courts. These fees would not be set higher than the actual cost of the services provided. (Emphasis added.)

<u>Cf.</u> Code Crim. Proc. art. 102.009 (formerly article 53.09) (criminal costs in class C misdemeanors set by commissioners court in populous counties).

We are compelled to conclude that article 3926a (now section 118.131) was intended, <u>inter alia</u>, to control the

setting of fees for sheriffs and constables in criminal proceedings, and that insofar as it or its successor attempts to do so, it is unconstitutional. Ex parte Carson, supra.

However, a statute found to be unconstitutional in part need not fall in its entirety if its provisions are not so connected in subject matter, so interdependent, or otherwise so bound together that it can be presumed the legislature would have passed the law devoid of its unconstitutional aspect. See County School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8, 153 S.W.2d 434 (Tex. 1941). In its original configuration, the 1981 bill enacting article 3926a required commissioners courts to set sheriff's and constable's fees. As the bill analysis shows, however, a subcommittee amendment changed the phrase, "shall set reasonable fees," to read, "may set reasonable fees." Bill Analysis to H.B. No. 1617, prepared for House Committee on Security and Sanctions, 67th Leg. (1981). Thus, the legislature did not command that commissioners courts set all fees for sheriffs and constables, nor command that if any particular fees were set by the commissioners court, all others also must be set by that body. It follows that the act was passed with the understanding (though not the expectation, perhaps) that every county might decline to set such fees in criminal cases.

In other words, the legislature exhibited an intent to enact former article 3926a even if the statute were never to be applied to the fees of sheriffs and constables in criminal cases. The 1985 retention of the recodified provisions now found in article 102.001 of the Code of Criminal Procedure showed a legislative willingness and expectation that those provisions would apply where former article 3926a (for whatever reason) was not utilized. We do not believe section 118.131, the successor statute, must be declared unconstitutional in its entirety merely because its application to fees in misdemeanor criminal cases would unconstitutionally violate "due process" and "equal rights" provisions. Its application to civil matters is unaffected.

Inasmuch as section 118.131 may not be constitutionally read to allow commissioners courts to set fees for the execution of criminal warrants in misdemeanor cases by the sheriff or constable, any potential conflict that would have otherwise existed between section 118.131

and statutes purporting to govern the fees of sheriffs and constables in such criminal cases is eliminated. The general repealer of "conflicting statutes" found in the bill that enacted former article 3926a will not apply, therefore, and the provisions of article 102.001 of the Code of Criminal Procedure will control the fees to be charged in misdemeanor cases.

We are aware that article 102.001 was amended in 1987 to limit its applicability to counties with less than two million population, and that article 102.011 of the Code of Criminal Procedure was enacted to specify different costs for larger counties. See Acts 1987, 70th Leg., ch. 821, at 5695. For reasons already explained, however, charges for the services of peace officers assessed as costs in misdemeanor criminal prosecutions for state-defined offenses must be uniform throughout the state to escape condemnation on constitutional grounds. Inasmuch as the only purpose of the 1987 act was to accomplish an unconstitutional objective, i.e., to specify different cost charges in misdemeanor criminal cases to be applicable for the same state-defined offense in different counties, depending on population, it cannot be given effect, and article 102.001 remains applicable in all counties.

Your request for an opinion, we realize, is not limited to misdemeanor situations. It asks about "fees for the execution of criminal warrants," not merely about fees in misdemeanor cases.

Although the result is the same, the analysis with respect to sheriff's and constable's fees in felony cases is somewhat different. Former Code of Criminal Procedure articles 1018, 1029, and 1030 governed fees in felony cases, but were expressly repealed pro forma by the "non-substantive" 1985 act that rearranged the provisions previously found in articles 53.01 and 53.04 of the Code of Criminal Procedure. See Acts 1985, 69th Leg., ch. 269, at 1300, 1307.

In felony cases, fees and costs were formerly paid initially by the state pursuant to articles 1029 and 1030, but article 1018 of the code made their repayment a charge against convicted defendants. (Articles 1029 and 1030 imposed different fees for sheriffs and constables in felony cases, depending on (1) the number of votes cast in presidential elections in the county and (2) the population of the county.) However, such repayments have been

unnecessary since 1949, when it became statutorily forbidden for the state or a county to pay a fee to an officer compensated on a salary basis. See Acts 1949, 51st Leg., ch. 257, §1, at 474.

Despite a design to operate in a way declared above to be unconstitutional for "equal protection" and "due process" reasons in misdemeanor cases, these "felony" fee statutes were never in pari materia with article 3926a or section 118.131. They were rendered inoperative by a statute enacted before former article 3926a became law. The revisor's note discussing the repeal of articles 1029, 1030, and 1018 by the 1985 "nonsubstantive" revisory act is found following article 104.002 of the Code of Criminal Procedure. It explains how the former Code of Criminal Procedure statutes were rendered inapplicable by the adoption of article XVI, section 61, of the Texas Constitution abolishing the "fee system" for compensating officers, and by the enactment of former article 3912e,[2] V.T.C.S., forbidding payment by the state of fees to local officers (both of which occurred prior to the enactment in 1981 of former article 3926a):

> Article 3912e [section 3] expressly states that neither the state nor a county may pay a fee or commission to a district or county officer compensated on a salary basis. Article XVI, section 61 of the Texas Constitution requires . . . sheriffs and constables to be paid on a salary basis. Since all officers . . . are prohibited from receiving fees from the state, the provision of article 1018 requiring that the fees paid by the state are a charge against the defendant are meaningless. (Emphasis added.)

We therefore advise that commissioners courts may not set fees for the execution of criminal warrants by the sheriff or constable in either misdemeanor or felony

---

2. Article 3912e was repealed by Acts 1987, 70th Legislature, chapter 149, section 49(1) and recodified as part of the Local Government Code, principally at chapter 154. The prohibition against paying fees to salaried officers is now codified at section 154.002 of the Local Government Code.

cases.   To the extent that Attorney General Opinion JM-193 (1984) suggests otherwise, it should not be followed.

### S U M M A R Y

Commissioners courts may not set fees for the execution of criminal warrants by the sheriff or constable in either misdemeanor or felony cases.   Such fees in misdemeanor cases involving state criminal statutes must be uniform statewide, and such fees in felony cases are no longer collected.

Very truly yours,

**JIM MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General