

# THE ATTORNEY GENERAL
## OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

December 19, 1989

Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
P. O. Drawer 2080
Alice, Texas    78333

Opinion No. JM-1120

Re:    Whether a commissioners court may authorize a justice of the peace to retain a portion of assessed fines for the purpose of funding additional positions    (RQ-1851)

Dear Ms. Sanchez-Vera:

You ask whether a justice of the peace may, with the authorization and approval of the commissioners court, assess a $50 fine in a Class C misdemeanor "bad check" case and retain a portion of the fine to pay the salary of an additional employee in his office.

You advise that a justice of the peace "is swamped with hot checks under $20.00" and the commissioners court refuses to provide additional help for the office. The justice requests the authorization and approval of the commissioners court to assess each hot check violator a fine of $50 and retain a portion of the fine to pay the salary of an additional employee for his office.

Section 112.052 of the Local Government Code provides that a fine imposed by a justice of the peace shall be charged against the justice. Subsection (b) of section 112.052 provides that the justice may discharge the indebtedness by filing a county treasurer's receipt for the amount with the county clerk, showing to the satisfaction of the commissioners court that the justice has used due diligence in an attempt to collect the fine, or showing that the fine has been satisfied by imprisonment or labor.[1]

---

1.    The United States Supreme Court in <u>Tate v. Short</u>, 401 U.S. 395 (1971) held that a defendant may not be imprisoned because he is too poor to pay his fine. <u>See</u> Attorney General Opinion JM-977 (1988).

Commissioners courts may exercise only such powers as are specifically conferred upon them by the constitution or the statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); see Tex. Const. art. V, § 18. Neither the constitution nor the statutes empower the commissioners court with authority to allow a justice of the peace to retain a portion of fines assessed to hire an additional employee.

To permit a justice of the peace to assess a minimum fine of $50 in every Class C misdemeanor hot check case to pay the salary of an employee would also violate the United States and Texas Constitutions. Section 12.23 of the Penal Code provides that a person adjudged guilty of a Class C misdemeanor shall be punished by a fine not to exceed $200. The system under consideration would make the penalty in a Class C misdemeanor hot check case in Jim Wells County a fine of not less than $50 nor more than $200. In Attorney General Opinion JM-880 (1988) a statute allowing a commissioners court to set fees in misdemeanor cases was found unconstitutional. Attorney General Opinion JM-880 stated:

> In Texas, costs in misdemeanor criminal cases are assessed as part of the punishment. Ex parte Carson, 159 S.W.2d 126 (Tex. Crim. App. 1942); Ex parte Mann, 46 S.W. 828 (Tex. Crim. App. 1898). See also Attorney General Opinion JM-443 (1986). Cf. United States v. Palmer, 809 F.2d 1504 (11th Cir. 1987) (holding imposition of costs as punishment to be constitutional). A law allowing different costs to be assessed in different counties for the same penal offense would have the effect of allowing the penalty for state-defined crimes to vary from county to county and would violate both 'due process' and 'equal protection' constitutional rights. U.S. Const., 5th Amend., 14th Amend.; Tex. Const., art. I §§3, 19; Ex parte Carson, supra. See Memet v. State, 642 S.W.2d 518 (Tex. App. - Houston [14th Dist.] 1982, pet. ref'd). See also Ex Parte Ferguson, 132 S.W.2d 408 (Tex. Crim. App. 1939); Ex parte Sizemore, 8 S.W.2d 134 (Tex. Crim. App. 1928). (Emphasis added.)

Id. at 3. Assessment of a minimum $50 fine in every Class C misdemeanor hot check case in order to defray the cost of an additional employee would result in the penalty for a state defined crime to be different in Jim Wells County than it is in other counties and would violate both "due process" and "equal protection" constitutional rights.

## S U M M A R Y

A county commissioners court may not authorize a justice of the peace to retain a portion of assessed fines for the purposes of funding an additional employee.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General