

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 19, 1996

The Honorable James W. Carr
Lavaca County Attorney
P.O. Box 576
Courthouse, 2nd Floor
Hallettsville, Texas 77964

The Honorable David M. Motley
Kerr County Attorney
County Courthouse, Suite B20
700 East Main Street
Kerrville, Texas 78028-5324

Opinion No. DM-427

Re: Whether justice courts and municipal courts have jurisdiction of prosecutions under Alcoholic Beverage Code sections 106.02, 106.04, and 106.05, which prohibit the possession, consumption, and purchase of alcoholic beverages by persons under the age of twenty-one years    (RQ-810)

Dear Mr. Carr and Mr. Motley:

You both ask which court or courts in your counties have original jurisdiction of prosecutions of criminal cases filed under Alcoholic Beverage Code ("code") sections 106.02, 106.04, and 106.05. Those sections prohibit the purchase, consumption, or possession of an alcoholic beverage by a person who is younger than twenty-one years. Your questions result from our issuance of Attorney General Opinion DM-320, which concluded that the justice courts do not have jurisdiction of prosecutions under those sections. Attorney General Opinion DM-320 (1995) at 3.

Since the issuance of that opinion, the Seventy-fourth Legislature, in House Bill No. 1648, has changed the criminal jurisdiction of justice courts and municipal courts. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 449, 1995 Tex. Gen. Laws 3150, 3150. Those legislative changes not only determine the answer to your questions but also have statewide effect. For these reasons, we consider in this opinion whether justice courts and municipal courts have jurisdiction of prosecutions under Alcoholic Beverage Code sections 106.02, 106.04, and 106.05. Based on our conclusion here, we have answered your specific questions about Lavaca and Kerr counties in a separate opinion, Letter Opinion No. 96-144 (1996), also issued today.

The conclusion of Attorney General Opinion DM-320 was based on our construction of the constitutional grant of jurisdiction to justice courts "in criminal matters of misdemeanor cases punishable by fine only," Tex. Const. art. V, § 19, as "includ[ing] only offenses the sole sanction for which is a fine," Attorney General Opinion DM-320 (1995) at 2. We recognized there that the legislature could have, but had not, expanded the jurisdiction of the justice courts pursuant to the constitutional provision for "such other jurisdiction as may be provided by law," Tex. Const. art. V, § 19, to include the nonfine sanction of alcohol awareness training that Alcoholic Beverage Code section

106.115 authorized a court to impose on conviction under section 106.02, 106.04, or 106.05. Attorney General Opinion DM-320 (1995) at 2 n.3. Furthermore, when we issued Attorney General Opinion DM-320, the municipal courts generally had concurrent jurisdiction with justice courts

in criminal cases within the justice court jurisdiction that:

> (1) arise within the territorial limits of the city; and

> (2) are punishable only with a fine not to exceed $500.

Act of May 2, 1991, 72d Leg., R.S., ch. 108, § 7, 1991 Tex. Gen. Laws 681, 682; (amending Gov't Code § 29.003(b)), *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 449, § 2, 1995 Tex. Gen. Laws 3150, 3151; *accord* Code Crim. Proc. art. 4.14 (providing that jurisdiction of municipal court, including municipal court of record, is concurrent "with any justice of the peace in any precinct in which the city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which the punishment is by fine only, and where the maximum of such fine may not exceed $500, and arising within such corporate limits"), *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 449, § 3, 1995 Tex. Gen. Laws 3150, 3151-52.[1] The municipal courts had no greater statutory jurisdiction of state criminal offenses than the justice courts had. Because municipal courts are not constitutionally created courts but rather exist only by virtue of the legislature's constitutional power to "establish such other courts as it may deem necessary," Tex. Const. art. V, § 1, they have no jurisdiction other than that which the legislature prescribes, *id.* Therefore, for the reasons stated in Attorney General Opinion DM-320 in regard to justice courts, municipal courts then also lacked original criminal jurisdiction in prosecutions under code sections 106.02, 106.04, and 106.05.

Since the issuance of Attorney General Opinion DM-320, the legislature has generally expanded the original jurisdiction of the justice courts and municipal courts, including municipal courts of record--and has specifically expanded the jurisdiction of certain municipal courts of record--so that prosecutions under sections 106.02, 106.04, and 106.05 may now be brought in those courts. The Seventy-fourth Legislature's House Bill No. 1648, Act of May 24, 1995, 74th Leg., R.S., ch. 449, 1995 Tex. Gen. Laws 3150, 3150, grants original jurisdiction to justice courts in criminal cases punishable by a fine only or by a fine and, "as authorized by statute, a sanction not consisting of confinement

---

[1] *See also* Act of May 2, 1991, 72d Leg., R.S., ch. 108, §§ 8 (providing that jurisdiction of municipal court of record created under Gov't Code ch. 30, subch. B is concurrent "with a justice of the peace in any precinct in which the city is located in criminal cases within the justice court jurisdiction" (1) arising within the city's territorial limits and (2) punishable only by a fine that may not exceed $500), 9 (providing similarly regarding jurisdiction of municipal court of record created under Gov't Code ch. 30, subch. I), 10 (providing similarly regarding jurisdiction of municipal court of record created under Gov't Code ch. 30, subch. N), 1995 Tex. Gen. Laws 3150, 3151 (amending Gov't Code §§ 30.035(b), .263(b), .653(b)), *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 449, §§ 4-6, 1995 Tex. Gen. Laws 3150, 3152.

or imprisonment that is rehabilitative or remedial in nature." *Id.* § 1 (amending justice-court jurisdiction in Code Crim. Proc. art. 4.11). The same legislation generally expands in a similar fashion the jurisdiction of the municipal courts, including municipal courts of record. *See id.* §§ 2 (amending jurisdiction of municipal court, including municipal court of record, in Gov't Code § 29.003), 3 (amending jurisdiction of municipal court, including municipal court of record, in Code Crim. Proc. art. 4.14); *see also id.* §§ 4 - 6 (amending jurisdiction of specific municipal courts of record in Gov't Code §§ 30.035, .263, .653). The jurisdictional changes enacted in House Bill No. 1648 apply only to offenses committed after September 1, 1995. *Id.* §§ 7 - 8. We believe that alcohol awareness education now falls within the newly expanded jurisdiction of the justice courts and municipal courts because, as we explain below, alcohol awareness education is not punitive but rather is remedial in nature.

A sanction constitutes punishment if it serves the twin aims of punishment: retribution and deterrence. *United States v. Halper,* 490 U.S. 435, 448 (1989). "[A] . . . sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Id.* (referring to civil sanction but stating that notion of punishment "cuts across the division between the civil and the criminal law"). *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 955 (1989) (defining punishment as "suffering, pain, or loss that serves as retribution," or "a penalty inflicted on an offender through judicial procedure"); *see also id.* at 868 (defining penalty in part as "the suffering in person, rights, or property that is annexed by law or judicial decision to the commission of a crime or public offense"). Imprisonment in jail and forfeiture of a right or privilege are examples of punishments that fall outside the jurisdiction of the justice courts, *see Ex parte Morris,* 325 S.W.2d 386, 388 (Tex. Crim. App. 1959); *see also* Attorney General Opinion DM-285 (1994) at 4 (suspension of driver's license), as well as the municipal courts, which have the same jurisdictional limits, *see* Act of May 24, 1995, 74th Leg., R.S., ch. 449, §§ 2 - 6, 1995 Tex. Gen. Laws 3150, 3151-52. We believe that these sanctions necessarily serve retributive or deterrent purposes.

Alcohol awareness education, on the other hand, serves remedial purposes. Code section 106.115, as amended by the last legislative session, *see* Act of May 24, 1995, 74th Leg., R.S., ch. 615, § 1, 1995 Tex. Gen. Laws 3474, 3475, provides in part as follows:

> (a) Except as provided by Subsection (b), on conviction of a minor of an offense under Section 106.02, 106.04, or 106.05, the court, in addition to assessing a fine as provided by those sections, shall require the defendant to attend an alcohol awareness course approved by the Texas Commission on Alcohol and Drug Abuse. . . .[2] [Footnote added.]

---

[2]Subsection (b), which is discussed below at pages 7-9, provides as follows:

> (b) If the defendant resides in a rural or other area in which access to an alcohol awareness course is not readily available, the court shall require the

The authority of the Texas Commission on Alcohol and Drug Abuse to approve an "alcohol awareness course" derives from section 461.012 of the Health and Safety Code, which charges the commission with the duty, among others, to

> (2) plan, develop, coordinate, evaluate, and implement con-structive methods and programs for the prevention, intervention, treatment, and rehabilitation of chemical dependency in cooperation with federal and state agencies, local governments, organizations, and persons, and provide technical assistance, funds, and consultation services for statewide and community-based services . . . .

The policy actuating the creation of the Texas Commission on Alcohol and Drug Abuse is stated in section 461.001 of the Health and Safety Code:

> Chemical dependency is a preventable and treatable illness and public health problem affecting the general welfare and the economy of the state. The legislature recognizes the need for proper and sufficient facilities, programs, and procedures for prevention, inter-vention, treatment, and rehabilitation. It is the policy of this state that a chemically dependent person shall be offered a continuum of services that will enable the person to lead a normal life as a productive member of society.

*See also* Health & Safety Code § 461.003 (commission created for purpose of "pre-vent[ing] broken homes and . . . los[t] . . . lives"). Hence, the purpose of alcohol awareness education is the prevention and remediation of the public health problem of chemical dependency.

The Texas Commission on Alcohol and Drug Abuse has adopted implementing regulations in chapter 152 of title 40 of the Administrative Code. Section 152.20 of title 40 provides as follows:

> The purpose of an alcohol awareness program approved by the commission shall be to present information to participants on the effects of alcohol upon behavior and upon the lives of persons who use alcohol; to help participants identify their own drinking patterns or problems; to educate participants about the laws relating to possession, consumption, and purchase of alcoholic beverages; and to assist participants in developing a plan to reduce the probability of involvement in future alcohol-related illegal behavior or detrimental activity.

---

(footnote continued)

defendant to perform eight to 12 hours of community service instead of participating in an alcohol awareness course.

Section 152.25(13) of title 40 requires that an approved program of alcohol awareness education for minors set reasonable course fees. We are informed that the usual admission fee for an alcohol awareness course ranges between $25 and $50, with $25 being more common. We also are informed that the typical course schedule consists of three hours of instruction per day on two separate days and that the student is permitted to attend the classes on dates that are convenient to the student, subject to class availability and any court-imposed deadline.

We believe that alcohol awareness education is solely remedial in purpose even though a result of the imposition of a course of such education may be the deterrence of violations of code sections 106.02, 106.04, and 106.05. The course's six-hour duration is not onerous, especially given that the student is allowed some control over scheduling the class dates, and the modest registration fee is not disproportionate to the costs of instruction and course materials. Although the purpose of the course (and, if the course is successful, its actual result in some cases) is the prevention of chemical dependency and thus is related to the deterrence of violations of the subject code sections, the relationship is only indirect. In any event, we believe that the deterrent effect of an alcohol awareness course is not based on negative reinforcement, that is, an aversion to the course as a repugnant consequence of engaging in the subject code violations. Rather, the deterrent effect of alcohol awareness education is based on the student's increased appreciation of the dangers of alcohol abuse, an appreciation that will encourage voluntary abstention or temperance and, in the case of a person with actual chemical dependency, the voluntary seeking of treatment.

In our opinion, then, a court-ordered program that deters conduct by education rather than by negative reinforcement is not a punishment, but a sanction that is rehabilitative or remedial in nature. We accordingly conclude that justice courts and municipal courts are not deprived of jurisdiction of prosecutions under code sections 106.02, 106.04, and 106.05 merely because code section 106.115 authorizes the imposition of alcohol awareness education upon conviction under any of those sections.

In this regard, however, we must note that there is one other possible sanction for violation of any of the subject code sections. Subsection (b) of code section 106.115 purports to authorize the imposition of community service as follows:

> If the defendant resides in a rural or other area in which access
> to an alcohol awareness course is not readily available, the court shall
> require the defendant to perform eight to 12 hours of community
> service instead of participating in an alcohol awareness course.

Act of May 24, 1995, 74th Leg., R.S., ch. 615, § 1, 1995 Tex. Gen. Laws 3474, 3475 (amending Alco. Bev. Code § 106.115). This provision raises the issue of whether community service is a punishment that would deprive justice courts and municipal courts of criminal jurisdiction. It is necessary that we consider subsection (b) in order to

determine whether justice courts and municipal courts have jurisdiction of prosecutions under the subject code sections.

A sanction is punishment, as we have noted, if it "cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes," *United States v. Halper*, 490 U.S. at 448. Nothing in the language of subsection (b) confines the discretion of the court with respect to the sort of community service that it may order. Accordingly, this sanction cannot be said to be solely remedial. Since the sanction therefore is or may be punitive, it would appear that justice and municipal courts would have no jurisdiction of violations of code sections 106.02, 106.04, and 106.05 in "area[s] in which access to an alcohol awareness course is not readily available," if subsection (b) of section 106.115 were constitutional.

In Attorney General Opinion DM-285, however, we concluded that the justice courts were not deprived of jurisdiction of prosecutions under a penal statute that was amended to authorize an order of community service if the defendant failed to pay a fine or costs previously assessed on a conviction or was unable, because of poverty, to pay a fine or costs on a conviction. The amendment at issue in that opinion involved section 104 of V.T.C.S. article 6701d, which section prohibits "overtaking and passing a school bus." *See* V.T.C.S. art. 6701d, § 104(e). We explained that community service under section 104 was authorized only when the defendant had failed, or was unable, to pay a fine or costs and thus was not in addition to, but rather was in the alternative to, the fine and was designed only to effectuate the state's interest in punishment and deterrence. Attorney General Opinion DM-285 (1995) at 4-5. Furthermore, we explained, the Seventy-third Legislature also had enacted a separate statute generally authorizing a "justice or judge" to impose community service in the same circumstances, *id.* at 5 (quoting Code Crim. Proc. art. 45.521), and thus had acted consistently with constitution article V, section 19, which grants to justice courts "such other jurisdiction as may be provided by law," *id.* (quoting Tex. Const. art. V, § 19).

By contrast, subsection (b) of section 106.115 purports to authorize community service as an alternative not to a fine, but to alcohol awareness education. Thus, community service under this provision is punishment in addition to the fine. Moreover, the legislature has enacted no law generally authorizing justice courts or municipal courts to impose community service in addition to fines. Therefore, subsection (b), if valid, would deprive justice courts and municipal courts, at least in some areas, of jurisdiction of all prosecutions under code sections 106.02, 106.04, and 106.05 because those misdemeanors would be punishable by something other than a fine.

Subsection (b) raises constitutional concerns because it provides for the imposition of a punishment in some areas of Texas that may not be imposed in other areas. Our state's constitutional principles of due process and equal protection guarantee that penalties for violations of state criminal laws will operate on all alike, regardless of which political subdivision is the venue of prosecution. *Ex parte Sizemore,* 8 S.W.2d 134, 136 (Tex. Crim. App. 1928).

The courts of this state have consistently struck down laws that would impose different punishments on defendants for the commission of the same offense in different parts of the state. In *Sizemore* the court struck down a provision of a local road law that purported to require the crediting of convicts' road labor against their fines and costs at the rate of fifty cents per day of work because it differed from a statewide law providing that such labor would be credited at three dollars per day. The principles of *Sizemore* were reaffirmed in *Ex parte Ferguson*, 132 S.W.2d 408, 410 (Tex. Crim. App. 1939), which held that due process and equal protection were denied by statutes providing for the allowance of different amounts daily, according to the population of the county of conviction, as credits on fines and costs assessed against persons sentenced to work or imprisonment in jail on convictions of misdemeanors they were when unable to pay such fines and costs. Then, in *Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942), the court declared unconstitutional a statute providing for a one-dollar cost assessment in criminal cases for the county law library fund in counties having eight or more county courts, which statute thus applied only to the counties of Dallas and Harris. The *Carson* court found *Sizemore* to be applicable to the cost assessment statute because the statute purported to "attach a greater penalty for the violation of a provision of the Penal Code for some counties than is applied generally throughout the State." *Id.* at 129-30. Finally, in *Memet v. State*, 642 S.W.2d 518, 525-26 (Tex. App.--Houston [14th Dist.] 1982, pet. ref'd), the court struck down on equal protection and due process grounds a statute purporting to make a proscribed offense punishable as a class C misdemeanor (by fine only) in some cities and punishable as class B misdemeanor (by a higher maximum fine or imprisonment or both) in others.

Consistently with the foregoing case law, this office opined in Attorney General Opinion JM-880: "A law allowing different costs to be assessed in different counties for the same penal offense would have the effect of allowing the penalty for state-defined crimes to vary from county to county and would violate both 'due process' and 'equal protection' constitutional rights." Attorney General Opinion JM-880 (1988) at 3. Accordingly, in Attorney General Opinion DM-123 (1992) we declared unconstitutional a statute that authorized the taxing of an additional ten dollars in court costs for each criminal conviction in the statutory county court in some counties.

The foregoing authorities uniformly suggest that subsection (b) of section 106.115 cannot pass muster because it does not operate on all persons alike but instead authorizes, for the same offense, a criminal punishment in some venues of prosecution that is not authorized in other venues. We therefore conclude that subsection (b) is unconstitutional as a denial of both due process and equal protection. *Cf. Memet v. State*, 642 S.W.2d at 525.

The invalidity of subsection (b) does not affect the rest of section 106.115, however. Because the Code Construction Act, Gov't Code ch. 311, governs section 106.115, *see* Alco. Bev. Code § 1.02, we must apply the rule that the invalidity of a provision of a statute "does not affect other provisions . . . of the statute that can be given effect without the invalid provision," Gov't Code § 311.032(c). The other provisions of

section 106.115 remain valid and enforceable because they may be given effect without subsection (b). Accordingly, we conclude that subsection (a) of section 106.115 is applicable statewide and that all courts shall require a minor offender under the relevant statutes to attend an alcohol awareness course.

Having considered all the possible sanctions for a violation of any of the subject code sections, we conclude that the justice courts and the municipal courts to which the Seventy-fourth Legislature's House Bill No. 1648 applies do have jurisdiction of prosecutions for violations of code sections 106.02, 106.04, and 106.05 because the sanctions that may be imposed for such violations include only a fine and a remedial sanction not consisting of confinement or imprisonment.

### S U M M A R Y

The justice courts and the municipal courts to which the Seventy-fourth Legislature's House Bill No. 1648 applies do have jurisdiction of prosecutions for violations of Alcoholic Beverage Code sections 106.02, 106.04, and 106.05.

Subsection (b) of section 106.115 of the Alcoholic Beverage Code violates state constitutional guarantees of due process and equal protection because it authorizes the imposition of a criminal punishment (community service) in some venues of prosecution (areas in which an alcohol awareness course is not readily available) that is not authorized in other venues. Subsection (b) is therefore invalid, but the other provisions of section 106.115 remain valid and enforceable because they may be given effect without subsection (b).

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General