OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 23, 1999

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0098

Re: Whether county commissioners court may authorize the collection of fees and costs pursuant to section 51.702(b) of the Government Code (RQ-0034)

Dear Mr. Curry:

Courts of this state have held that penalties imposed in cases involving state criminal statutes must be uniform statewide or else they are unconstitutional as a denial of due process and equal protection. Relying on the decisions of these courts, this office concluded in Attorney General Opinion DM-123 that a portion of section 51.702 of the Government Code, allowing a commissioners court to authorize the collection of additional fees and costs in certain statutory county courts, violates the constitutional principles of due process and equal protection. A state district court, however, has ruled that section 51.702 is constitutional. Faced with these conflicting decisions, you ask us to determine whether a county commissioners court constitutionally may authorize fees and costs pursuant to section 51.702. We conclude that a county may authorize collection of the fees and costs in accordance with the decision of the district court, but we caution that the practice may be declared unconstitutional by a different district court or by an appellate court.

Section 51.702 of the Government Code authorizes a statutory county court to collect fees and costs in certain court cases. TEX. GOV'T CODE ANN. § 51.702 (Vernon 1998). Subsection (a) allows a $40 filing fee in each civil case, and subsection (b) allows a $15 court cost on conviction of any criminal offense:

> (a) Except as provided by Subsection (g), in addition to all other fees authorized or required by other law, the clerk of a statutory county court shall collect a $40 filing fee in each civil case filed in the court to be used for court-related purposes for the support of the judiciary.

> (b) In addition to other court costs, a person shall pay $15 as a court cost on conviction of any criminal offense in a statutory county court, including cases in which probation or deferred adjudication is granted.

*Id.* § 51.702(a)-(b). The fees and costs may be collected only in a county whose commissioners court has adopted a resolution authorizing them. *Id.* § 51.702(f).

Section 51.702 was first adopted in 1991 as part of a bill extensively amending the law governing statutory county courts. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 746, 1991 Tex. Gen. Laws 2620; *see also Ector County v. Hollmann*, 901 S.W.2d 687, 689 (Tex. App.–El Paso 1995, no writ) (explaining background and purpose of section 51.702 and related statutes). The bill included a scheme for raising the salaries of county-court-at-law judges through the collection of the fees and costs set out in section 51.702. *See* TEX. GOV'T CODE ANN. §§ 25.0015-.0016 (Vernon Supp. 1999). The fees are sent to the state Comptroller for disbursement to counties for raising judges' salaries. *Id.* Only those counties whose commissioners courts resolve to adopt the fees may participate in the salary financing scheme. *Id.*

Attorney General Opinion DM-123 addressed the constitutionality of the court costs imposed in criminal cases by section 51.702, subsection (b). The opinion reviewed an earlier version of section 51.702, but for purposes of your question, the changes in the statute since DM-123 was issued are inconsequential. As the opinion explained, the costs are not authorized under section 51.702 in a county that has no statutory county court.[1] Nor may the costs be imposed in a county that chooses not to authorize them. "Thus, if *any* county elects to participate in the scheme under that section, such county will . . . necessarily impose, for every conviction, a punishment which is greater, by $10.00 [now $15.00], than a conviction for the same offense in a county which either is ineligible to participate in the statutory scheme or elects not to do so." Tex. Att'y Gen. Op. No. DM-123 (1992) at 2. Citing prior attorney general opinions and decisions of the Texas Court of Criminal Appeals and lower courts of appeals, the Attorney General concluded that subsection (b) of section 51.702 violated the constitutional principles of equal protection and due process because it allowed different costs to be assessed in different counties for the same state penal offense. *Id.* at 3-4.

Attorney General Opinion DM-123 also concluded that a county could not avoid the unconstitutionality of subsection (b) by only adopting fees under subsection (a). "The statute requires adoption of the costs and fees as a *package*, and there is no provision for adopting the fees of subsection (a) in the absence of a simultaneous adoption of the costs of subsection (b)." *Id.* at 5. Thus, the opinion concluded, if a county commissioners court resolves to participate in the salary financing scheme, it must collect both civil fees under subsection (a) and criminal costs under subsection (b). *Id.*

---

[1]This year, the Seventy-sixth Legislature added section 51.703 to the Government Code, allowing the same fees and costs to be collected in certain county courts, and section 51.704, allowing the fees and costs in certain statutory probate courts. *See* Act of May 30, 1999, 76th Leg., R.S., §§ 7-10 (H.B. 1123) (to be codified at TEX. GOV'T CODE ANN. §§ 51.703-.704); Act of May 30, 1999, 76th Leg., R.S., § 1.11 (H.B. 3211) (to be codified at TEX. GOV'T CODE ANN. § 51.703).

Courts have invalidated such costs. *See, e.g., Ex parte Carson*, 159 S.W.2d 126 (Tex. Crim. App. 1942); *Ex parte Ferguson*, 132 S.W.2d 408 (Tex. Crim. App. 1939); *Ex parte Sizemore*, 8 S.W.2d 134 (Tex. Crim. App. 1928); *Ex parte Mann*, 46 S.W. 828 (Tex. Crim. App. 1898); *Memet v. State*, 642 S.W.2d 518 (Tex. App.–Houston [14th Dist.] 1982, pet ref'd). For example, in *Ex parte Carson*, the Texas Court of Criminal Appeals held invalid a statute that provided for payment of $1.00 as costs in criminal cases in those counties having eight or more district courts and three or more county courts. *Ex parte Carson*, 159 S.W.2d at 129. And in *Memet v. State*, a court of appeals found invalid a statute that provided that the offense of operating without a permit a sexually oriented commercial enterprise was a Class C misdemeanor in any city with a comprehensive zoning ordinance, but a Class B misdemeanor in any city without such an ordinance. *Memet v. State*, 642 S.W.2d at 525-26.

In Attorney General Opinion DM-123, we found these cases controlling of section 51.702:

> Under the test announced in *Carson, Memet*, and the other cited cases, section 51.702(b) is clearly invalid. It automatically imposes, in those counties which have adopted the statutory scheme of section 51.702, a punishment, for conviction of the same offense, which is greater than that imposed in those counties which have not adopted the statutory scheme, whether by choice or because the scheme is inapplicable to them. Consequently, section 51.702(b) must be deemed to be constitutionally infirm on both due process and equal protection grounds.

Tex. Att'y Gen. Op. No. DM-123 (1992) at 4; *accord*, Tex. Att'y Gen. Op. No. DM-427 (1996) at 7; *see also* Tex. Att'y Gen. Op. Nos. JM-1120 (1989) at 2; JM-880 (1988) at 3.

Attorney General Opinion DM-123 correctly stated and applied the law established by the Texas Court of Criminal Appeals and lower courts of appeals on the constitutionality of criminal penalty statutes. However, approximately two months after Attorney General Opinion DM-123 was issued, a declaratory judgment was issued in *In re Dorsey Trapp*, No. 139,568-B (78th Dist. Ct., Wichita County, Tex. Aug. 24, 1992). The court's judgment declared section 51.702 constitutional in its entirety and subsections (a) and (b) separately enforceable:

> It is the judgment of the Court that Section 51.702 of the Government Code, V.T.C.A. is, in its entirety, a valid and constitutional enactment of the Legislature of the State of Texas.

> It is further the judgment of the Court that subsection (a) of Section 51.702 is constitutional as written and as applied.

> It is further the judgment of the Court that the subsections of Section 51.702 are duly severable.

It is further the judgment of the Court that subsection (b) of Section 51.702 is constitutional as written and as applied.

It is further the judgment of the Court that subsection (f) of Section 51.702 is constitutional as written and applied.

The Court finds pursuant to the application of the Code Construction Act, Section 311.032, that as above indicated, that subsection (a) of Section 51.702 is severable from the remainder of such section and that said subsection is enforceable sua sponte.

*Id.* at 1-2. The declaratory judgment was not appealed to a higher court.

This office and at least one appellate court have addressed issues relating to the collection of the fees and costs under section 51.702, *see Ector County v. Hollman*, 901 S.W.2d 687 (Tex. App.–El Paso 1995, no writ), Tex. Att'y Gen. LO-94-048, but no other opinion and no other court that we know of has addressed the statute's constitutionality. Following the Wichita County declaratory judgment, the Office of the Comptroller indicated in an internal memorandum that it would resume collecting and disbursing funds generated by the costs. *See* Memorandum from Robert Daniels to Richard Craig, Office of the Comptroller (Aug. 25, 1992) (on file with Opinion Committee). We assume that counties are indeed collecting costs and fees under section 51.702.

The opinion of this office in Attorney General Opinion DM-123 is constrained by the contrary decision of the Wichita County district court. However, we note that the Wichita County court did not expressly overrule DM-123 or otherwise cite authority for its conclusions. Accordingly, the scope of the issues actually litigated and resolved in the declaratory action is unclear. Further, without such clarity, it is impossible to evaluate the trial court's determination in light of the existing judicial precedent from our state's appellate courts. As we have noted, in our opinion, the decisions in *Carson*, *Memet*, and others suggest that collecting fees as "extras" so that some criminal defendants in the state pay more than others for the same convictions is unconstitutional. Consequently, although a trial court has authorized the collection of fees and costs under section 51.702, a county opting to collect such fees and costs runs a substantial risk that such practice will be declared unconstitutional by a different district court or by an appellate court.

**S U M M A R Y**

A county commissioners court may authorize the collection of fees and costs by statutory county courts under section 51.702 of the Government Code in accordance with the decision of a state district court. However, collection of the fees may be declared unconstitutional by a different district court or by an appellate court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee