## EX PARTE WILLIE JONES.

No. 10695.   Delivered January 12, 1927.

1.—Habeas Corpus—Compensation of Convict Labor—Fixed by City Ordinance—Held Invalid.

By an ordinance the city of Dallas fixed the compensation allowed to persons convicted and fines assessed against them in the Corporation Court of said city at fifty cents per day for all labor performed by them in payment of any fine assessed against them.  This ordinance is in conflict with Art. 793 C. C. P. 1925 Revision, and must be held invalid.  See McLain v. State, 31 Tex. Crim. Rep. 556; Ex Parte Cross, 44 Tex. Crim. Rep. 376; also cases collated under Sec. 416, Branch's Ann. P. C., and Art. 872 C. C. P. 1925.

2.—Same—Continued.

By the revision of 1925, Art. 793, it is provided that one convicted of a misdemeanor and his punishment assessed at a pecuniary fine, and costs adjudged against him, may be put to work on the county farm or

public improvements for a sufficient length of time to discharge the full amount of fine and costs adjudged against him, *rating such labor or imprisonment at three dollars* for each day thereof. This article applies to those convicted in Corporation Courts, as well as to convictions in Justice and County Courts.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from an order of the Criminal District Court of Dallas County remanding relator on a habeas corpus hearing. Relator discharged.

The opinion states the case.

*Huling P. Robertson, Jr.* and *Thos. F. Whiteside, Jr.* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator was convicted in the Corporation Court of the City of Dallas for the offense of vagrancy, and his punishment assessed at a fine of $75.

He was sentenced to the municipal farm where he labored for twenty-seven days. At the expiration of this time he applied for release upon writ of habeas corpus upon the ground that he was entitled to $3 per day for each day of such confinement and labor and that at such rate he was entitled to release. The relief sought was denied and from such order this appeal is taken.

In 1907 the Thirtieth Legislature, by special act, granted a new charter to the city of Dallas, in which the city was authorized to enact and enforce ordinances, provided that no ordinance should be inconsistent with the laws of the State of Texas. It was authorized to punish vagrants and to provide workhouses for vagabonds and disorderly persons who were unable or refused to pay fines or to compel them to work on the streets, alleys or public works of the city, etc.

Article 1042, Chapter 7, Rev. Code, City of Dallas, provides: "That all convicts, as that term is hereinbefore defined (all persons convicted of any offense whatever in the Corporation Court of the City of Dallas, and who shall make default in the payment of any and all fines) shall be allowed the sum of fifty (50c) cents per day for all labor performed by them, which said sum shall be credited upon the amount of the fine and penalty imposed upon such convict as shown by the judgment of conviction, etc."

It is under this ordinance providing for the allowance of 50 cents per day for labor performed under which the city seeks to hold relator.

Article 872, C. C. P. (1925 revision) reads as follows: "The governing body of each incorporated city, town or village shall, by ordinance, prescribe such rules, *not inconsistent with any law of this state,* as may be proper to enforce, by execution against the property of the defendant, or imprisonment of the defendant, the collection of all costs and fines imposed by such court, and shall also have power to adopt such rules and regulations concerning the practice and procedure in such court as said governing body may deem proper, not inconsistent with any law of this state. All such fines shall be paid into the city treasury for the use and benefit of the city, town or village."

Article 793, C. C. P. (1925 revision) reads as follows: "When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may, for such time as will satisfy the judgment, be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him, *rating such labor or imprisonment at three dollars for each day thereof.*"

It is not necessary to investigate here whether at the time the ordinance was passed by the city of Dallas providing for a credit of 50 cents per day it was inconsistent with state laws then in force. By the revision of 1925, Art. 793 (supra) appears to be the only one now effective. It provides that the labor or imprisonment shall be rated at $3 per day. Many authorities will be found in our own state holding that when a city ordinance is in conflict with a state law the ordinance must yield. McLain v. State, 31 Tex. Crim. Rep. 556, 21 S. W. 365; Ex Parte Cross, 44 Tex. Crim. Rep. 376, 71 S. W. 289. See also cases collated under Sec. 416, Branch's Ann. Tex. P. C. We think it unnecessary to burden this opinion with a further citation of them.

There is no escape from relator's contention that an allowance of only 50 cents per day is clearly inconsistent with Art. 793 (supra). Said article superseded and rendered inoperative Art. 1042, Chapter 7, of the city ordinances of the city of Dallas.

It appears that relator has already labored a sufficient length of time at the rate of $3 per day to entitle him to his discharge.

The judgment remanding relator to custody of the chief of police of the city of Dallas is reversed and relator ordered discharged. *Reversed and relator discharged.*