### EX PARTE H. C. SIZEMORE.

No. 10687. Delivered June 20, 1928.

The opinion states the case.

*Gentry & Gray* and *Nat Gentry, Jr.,* of Tyler, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Relator filed an original application before this Court for a writ of habeas corpus alleging that he is illegally restrained by the Superintendent of the county poor farm of Smith County.

The facts with reference to his restraint show that he pleaded guilty on May 8, 1926, to the offense of sending threatening letters and his punishment was assessed at a fine of $100.00 and ninety days in jail. That the total fine and costs amounted to the sum of $128.60, and that he has been confined from May 8, 1926, until the 6th day of December, 1926, which he alleges is more than sufficient to discharge the judgment, rating his time at $3.00 per day upon his fine and costs.

Relator is held under and by virtue of a clause in the special road law for Smith County passed at the Thirty-Fifth Session of the Legislature of Texas. The portion of said law under which relator is held is attacked as being unconstitutional for the reason that it is in violation of Art. 3, Sec. 35, of the Constitution of the State of Texas, which provides, in substance, that no bill shall contain more than one subject which shall be expressed in its title.

Without deciding the point presented, we think that portion of said law herein discussed is clearly invalid for other and different constitutional reasons than that given, and upon which we prefer to base this opinion.

The part of the law under attack is as follows:

"Sec. 3. The Commissioners' Court shall require all able-bodied male convicts not otherwise employed to labor on the public roads and under such regulations as they may prescribe and each convict so worked shall *receive a credit of fifty cents per day for each day he may work of ten hours,* to be applied first to his fine and then to his costs. ...................................................... Provided that the Commissioners' Court may require all county convicts to work on the county farm and provided further that no convict shall hereafter be credited on his fine and costs with more than fifty cents per day."

Art. 793, C. C. P., provides:

"When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at three dollars for each day thereof."

Art. 793, C. C. P., was the only general law which dealt with the matter under controversy in effect in 1926. There has since been an amendent to same, which, however, does not affect the present case. If its provision of allowance of $3.00 per day to a convict working on a farm will prevail over a local and special law applying to Smith County which only allows such convict fifty cents per day, then relator is entitled to his discharge. In other words the question presented is whether said portion of the local road law of Smith County, not in fact relating to roads, but to allowances on fines generally, and not operating upon all the citizens of Texas alike, but applying only to Smith County, and which clearly is in opposition to the terms of the general statute, is a valid law. A and B plead guilty to the same offense and each receives a fine of $60.00, but A happens to be in Smith County and B in another county of the State. Each is unable to pay his fine, but A in Smith County must serve one

hundred twenty days while B in another county serves twenty days. Is a law valid which in its practical operation thus assesses six times as much punishment for the same offense on the same identical penalty in one county as it does in another? Would a law be valid which prescribed a minimum penalty of one year for murder in Travis County and six years for murder in Smith County? These questions answer themselves. It is true that the terms of the law itself do not prescribe different penalties for the same offense but in its practical operation the quoted portion of the Smith County road law has this effect and it thereby does indirectly what obviously it could not do directly.

Sec. 19 of our bill of rights provides that:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised except by the due course of the law of the land."

" 'Law of the land' is interpreted to mean a general public law, operating equally upon every member of the community." In Re Jilz, 3·Mo. App. 246.

"No State shall deny to any person within its jurisdiction the equal protection of the law, nor shall any State deprive any person of life, liberty or property without due process of law." Section 1, Article XIV, United States Constitution.

Due process of law under the Fourteenth Amendment and the equal protection of the law are secured if the law operates on all alike and do not subject the individual to the arbitrary exercise of the powers of Government. Duncan v. Mo., 152 U. S. 382; 38 L. Ed. 485. Hurtado v. California, 110 U. S. 535; 28 L. Ed. 232.

Do laws operate equally upon the citizens of the Commonwealth of Texas which will imprison under like verdicts one man for a month and another for six months? Manifestly not.

Sec. 3 of the bill of rights to the State Constitution provides: "All free men when they form a social compact have equal rights."

A law which makes different punishments follow the same identical criminal acts in the different political subdivisions of Texas violates both our State and Federal Constitutions. It fails to accord equal rights and equal protection of the law, and a conviction under it is not in due course of the "law of the land." In Re Jilz, 3 Mo. App. 246; Re H. F. Mallon, 22 L. R. A. (N. S.) 1123, and Jackson v. State, 55 Tex. Crim. Rep. 557, are cited in support of our view in their reasoning.

We think the principles announced in the case of Ex parte Jones, 290 S. W. 177, apply in some degree to the instant case. It was there held that Art. 793, C. C. P., superseded and controlled an ordinance of the City of Dallas which allowed only fifty cents per day to be credited upon the fine of a convict for labor performed. Provisions similar to those quoted in our State Constitution have been a part of Anglo-Saxon jurisprudence since there was wrung from the unwilling hands of King John at Runnymede in 1215 the Magna Charta, which itself provides: That a freeman shall not be passed upon or condemned but "by the lawful judgment of his peers and the law of the land." "Law of the land" has the same legal meaning as "due process of law," and one of its accepted meanings is that quoted above. In Re Jilz, 3 Mo. App. 243. Words and Phrases (First Edition), Vol. 3, pp. 2227–2232.

We are not here passing upon the validity of the Smith County road law, except that particular provision under attack. Nor are we unaware of the cases of Smith v. Grayson County, 44 S. W. 921; Young v. State, 51 Tex. Crim Rep. 366, and Bluitt v. State, 56 Tex. Crim. Rep. 527, which construe that portion of Art. 8, Sec. 9, of the State Constitution, reading as follows:

"And the Legislature may pass local laws for the maintenance of the public roads and highways without the local notice required for special or local laws."

It will be observed that the instant case arose out of a conviction for an offense denounced by the Penal Code and applying to all Texas and not for a violation of the Smith County road law. Whatever may be the right of the Legislature to prescribe penalties under Art. 8, Sec. 9, of the Constitution for violations of the provisions of a local road law, it could not, we think, under the guise of such a law prescribe penalties for general offenses differing from those defined and prescribed by the Penal Code and applicable to the entire State. In this particular at least the instant case distinguishes itself from the cases of Young and Bluitt, supra.

Believing therefore that the quoted portion of the said Smith County road law is unconstitutional and it appearing that relator has served all the time required of him under the general statute, the relator is ordered discharged.

*Discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.