

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 20, 1951

Hon. William L. Taylor
Prosecuting Attorney
Harrison County
Marshall, Texas

Opinion No. V-1352

Re: Constitutionality of
House Bill 584, Acts
52nd Leg., R.S. 1951,
regulating the taking
and killing of deer in
Panola, Rusk, Harrison,
Gregg, and Shelby Coun-
ties.

Dear Mr. Taylor:

In your recent letter you ask whether House Bill 584, Acts 52nd Leg., R.S. 1951, ch. 493, p. 1195, is constitutional. House Bill 584 reads in part as follows:

"Section 1. It shall be lawful to take or kill buck deer with pronged horns in Panola, Rusk, Harrison, Gregg and Shelby Counties during the period from November 15th to November 25th, inclusive, each year, and each out of county hunter shall be allowed to hunt in these counties, provided he has a hunting license and a slip from the county clerk of the county in which he intends to hunt; this slip to be valid for three days per season and not subject to renewal.

"Sec. 2. It shall be unlawful for any person to kill or take by any method whatever any deer within Panola, Rusk, Harrison, Gregg and Shelby Counties at any season or time of the year other than as provided in Section 1.

"Sec. 3. Any person violating any provision of this Act shall be guilty of a misdemeanor and upon conviction shall be fined not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500) or by confinement in the county jail for not less than ten (10) days nor more than six (6) months or both such fine and imprisonment."

Your first reason for questioning the constitutionality of House Bill 584 is that the Act discriminates against out-of-county hunters, limiting them to three days' hunting during the open season while county residents are not so limited. You feel the classification of persons as resident and nonresident of the respective counties is unreasonable in relation to the spirit and purpose of the regulation and is arbitrary and unjustly discriminatory. It will also be observed that the penalty prescribed by Section 3 for violation of the Act is more severe than the penalty provided by the general law, Article 873, V.P.C.

Section 1 of the Fourteenth Amendment to the United States Constitution reads:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; <u>nor deny to any person within its jurisdiction the equal protection of the laws.</u>" (Emphasis added.)

Texas Constitution, Article I, Section 3, reads:

"All free men, when they form a social compact, have equal rights, and no man or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

The regulation of game and wild life by the Legislature of Texas is a valid regulation under the police power of the State. However, any such regulation as House Bill 584 must not discriminate among the citizens of the State as to their right and privilege to take and enjoy the game and wild life of the State. This wild life or game "is owned by the State of Texas in trust for all of the people of the state." Att'y Gen. Op. V-22 (1947).

It is our opinion that the dividing of hunters of deer within a county into two groups, resident and nonresident, and limiting nonresident hunters to three days

of hunting per open season, while resident hunters may hunt during the entire period of the open season, is an arbitrary and unreasonable classification of hunters. The Act deprives nonresident citizens of the privilege, right, and pleasure of hunting deer for the entire period of the open season as resident hunters may do. It is our opinion that this classification and grouping of Texas citizens is not based upon a substantial difference in relation to the subject of the Act.

In Harper v. Galloway, 51 So. 226 (Fla. Sup. 1910), the petitioner for a writ of habeas corpus was charged with violation of a game law of Florida requiring nonresidents of Marion County, Florida, to give three days' notice to the game warden of Marion County of their intention to hunt in Marion County and to purchase a license for the privilege. Residents of Marion County were not required to give notice or have a license. In discharging the petitioner from custody of the sheriff and holding the resident - nonresident classification for hunting in Marion County unconstitutional for violating the equal protection clause of the United States Constitution, the court said:

> ". . . the classification of persons affected by the regulation is such that residents of the state who do not reside in Marion county are discriminated against in the regulation of a subject as to which all the residents of the state have some interest; and the discrimination is apparently not founded upon any real differences in conditions with reference to the subject regulated. Such discrimination is therefore unjust, and in effect denies to the residents of the state who do not reside in Marion county, among them being the petitioner, the equal protection of the laws of the land.

> "The section of the statute for the violation of which the imprisonment of the petitioner was adjudged is therefore invalid and inoperative as to residents of this state;
> . . ." (51 So. at 230.)

To the same effect is Hill v. State, 53 So. 411 (Miss. Sup. 1910).

16 C.J.S. 1094, Constitutional Law, Sec. 536, in discussing game statutes similar to House Bill 584 contains the following statement:

"Such a statute. . . is a denial of the equal protection of the law if it unjustly discriminates against any of the people of the state, as where it grants to the inhabitants of the various counties of the state the right to take game within their respective counties, to the exclusion of, or on more favorable terms than, other residents of the state; . . ."

You are therefore advised that the provisions of House Bill 584 requiring nonresident hunters to acquire a slip from the county clerk good for only three days' hunting is unconstitutional. Section 3 of the Act prescribing a penalty different from and more severe than that prescribed in Article 873, V.P.C., is likewise invalid. Ex Parte Sizemore, 8 S.W.2d 134 (Tex. Crim. 1928); Ex Parte Carson, 159 S.W.2d 126 (Tex. Crim. 1942); Att'y Gen. Op. V-1315 (1951).

In 9 Tex. Jur. 472, Constitutional Law, Sec. 55, the following rule is stated:

"A legislative enactment may be unconstitutional and therefore invalid as to some of its provisions, and valid as to others. Indeed, it is elementary law that a statute will always be sustained, as to portions which are not unconstitutional, unless the unconstitutional portions and the constitutional portions are so intermingled that they cannot be severed. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall. The point is, not whether they are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance. If the two parts can be possibly separated, the court should do so, and not permit the invalid part to destroy the whole law." (Emphasis added.)

It is our opinion that the unconstitutional provisions of House Bill 584 can be severed from the constitutional portion.  That which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent to fix an open season for deer in the counties to which it applies, independent of that which is rejected.

Your third question asks whether this law applies to out-of-state as well as out-of-county hunters.  We feel the Act is clear upon this point.  The Act itself makes only one classification -- resident of the county or nonresident.  Out-of-state hunters fall within the category of nonresident hunters.  Since this provision of House Bill 584 is unconstitutional, out-of-state hunters are not specifically affected by this Act.  Their requisites for hunting are determined by other Acts regulating hunting throughout the State.

## SUMMARY

Section 1 of House Bill 584, Acts 52nd Leg., R.S. 1951, ch. 493, p. 1195, providing for a ten-day open season for hunting deer in Panola, Rusk, Harrison, Gregg, and Shelby Counties is constitutional except for that portion of Section 1 which requires out-of-county residents to obtain a slip from the county clerk in the county in which he hunts restricting him to three days' hunting, while residents of the respective counties may hunt for the ten-day open season.

Section 3 of the Act prescribing a penalty more severe than that fixed by general law, Article 873, V.P.C., is likewise invalid.

The wild game of this State is owned by the State in trust for all of the people of the State.  Hunting privileges may not be arbitrarily granted to one class of Texas

citizens and denied to another on the basis of county residence.

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

*Milton Richardson*

By
Milton Richardson
Assistant

MR:jmc