Augusta **ROBINSON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 12–93–00099–CR, 12–93–00100–CR.

Court of Appeals of Texas, Tyler.

June 30, 1995.

Frank W. Henderson, Beaumont, for appellant.

Edward J. Marty, Tyler, for appellee.

HOLCOMB, Justice.

In two separate cases, Appellant Augusta Robinson, Jr., was convicted of constructive delivery of cocaine after having entered a plea of "guilty" in both cases. The trial court assessed punishment at life imprisonment in each case and ordered the sentences to run concurrently. Robinson brings this appeal, challenging the assessment of punishment in both cases. We have consolidated the two cases in this opinion because they involve the same issues of law. We will affirm.

In four points of error, Appellant claims the court's sentence of life imprisonment in accordance with the TEXAS PENAL CODE and the TEXAS CODE OF CRIMINAL PROCEDURE, violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the UNITED STATES CONSTITUTION, Article I, section 19 of the TEXAS CONSTITUTION, and Article 1.04 of the TEXAS CODE OF CRIMINAL PROCEDURE. From the abbreviated record of the plea and sentencing proceedings, we conclude that Appellant was 36 years old at the time of trial. After Appellant retired from the Army,[1] he went to work for the City of Tyler. As a result of an on-the-job injury sustained while working for the city, Appellant began taking a medication (Tylenol 4) to which he claims to have become addicted. He also admitted that he was an alcoholic. From 1980 to the time of trial in 1993, Appellant had been convicted of 3 felonies and 11 misdemeanors, and received both probation and "hard time" for the various offenses.

In the instant case, Appellant was arrested for selling cocaine on three separate occasions to undercover officers. Appellant admitted that he sold cocaine to others in order to support his own habit. Attempts at drug rehabilitation failed. During this time, Appellant had good jobs, was married, and then

---

1. The record is silent as to whether he was discharged honorably, dishonorably, or otherwise.

divorced. At the time of trial, Appellant was engaged to be married and his fiance was pregnant.

When the trial court set Appellant's punishment at life imprisonment, with the two sentences to run concurrently, the judge specifically stated on the record that her decision was not based solely on Appellant's past record. Appellant complains that the punishment imposed was excessive, arbitrary, and disproportionate to the crime that he had committed. He argues that there is nothing in the record to suggest bodily injury occurred as a result of his offenses, or that the present offenses were in any way unusual or reprehensible, even taking into consideration his prior record.

Appellant also asserts that the sentencing scheme in Texas is unconstitutional. He argues that, because there are no sentencing guidelines in this state, the courts may impose a sentence entirely at its own discretion. As such, Appellant contends that the system fails to treat all defendants convicted of delivery of a controlled substance in a uniform manner. Further, Appellant claims that if he had been tried and sentenced in another court, or even in a different county, his sentence might have been substantially less than "life."

Appellant attempts to analogize his current situation to the circumstances set forth in *Ex parte Sizemore*, 110 Tex.Crim. 232, 8 S.W.2d 134 (Tex.Cr.App.1928). In *Sizemore*, the court addressed a special Smith County "road law," wherein defendants were sentenced to work on public roads in Smith County and received fifty cents ($.50) per day credit toward imposed fines and court costs. However, in other counties, defendants under similar sentencing received up to $3.00 per day credit. Appellant fails to mention that the defendant in *Sizemore* was operating within local legislation that mandated the $.50 per day credit specifically for Smith County. In addition, Article 793 of the CODE OF CRIMINAL PROCEDURE provided a $3.00 per day credit toward any fine. Under the facts of *Sizemore*, the court held that the local law, as applied to Smith County alone, was violative of due process under Section 19 of the TEXAS CONSTITUTION.

■ First, we point out that Appellant made no objection in the trial court below that the punishment assessed against him was disproportionate to the crime or that the lack of sentencing guidelines deprived him of equal protection and due process. Therefore, Appellant waived any error regarding the sentencing scheme. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Cr.App.1986).

■ Next, we point out that we are required to afford the sentencing judge a great amount of discretion. *Jackson v. State*, 680 S.W.2d 809, 810 (Tex.Cr.App.1984). If the punishment is within the appropriate range set by statute, it should not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536, 537 (Tex.Cr.App.1978). Constructive delivery of a controlled substance is a first degree felony, with a range of punishment of not less than five (5) years nor more than 99 years or life in prison, and up to a $20,000.00 fine. TEX. HEALTH & SAFETY CODE ANN. § 481.106 (Vernon Supp.1994). The trial court assessed Appellant's punishment within this range.

■ Appellant's other arguments also fail on the merits. He cites *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the United States Supreme Court had occasion to discuss prison sentences that were subject to a proportionality analysis. In considering a South Dakota recidivist statute, the Court struck down the statute because it did not contain a provision that addressed the possibility of parole. The Supreme Court used Texas' Recidivist Statute, which does include a provision for parole, as a direct contrast to the South Dakota statute. *Solem* does not mandate a survey of all penalties imposed by each and every jurisdiction. *Simpson v. State*, 668 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no pet.). It is the responsibility of the State Legislature to formulate public policy and to establish the appropriate range of punishment for offenses committed against the state. The court's determination of the exact sentence to be assessed, within the legislated range of punishments and its consideration of the facts and circumstances of each individual case, is properly left to the judge or a jury.

This Court only determines whether the defendant received a fair and impartial trial and whether harmful error occurred during trial that warrants a reversal of judgment.

In addition, the unique sentencing system in Texas allows the defendant to make his own determination of whether the court or a jury of his peers will assess punishment. Accordingly, adequate protection is given a defendant against arbitrary and capricious assessment of punishment. The defendant himself chooses who will determine an appropriate punishment if he is found guilty. Under this system, the defendant has an opportunity to convince a jury that the offense does not warrant the maximum punishment allowed by law by showing a lack of violence or other mitigating circumstances.

In the present case, the sentence imposed by the trial court was not arbitrary or capricious. Appellant pled guilty to two charges of constructive delivery of cocaine. The trial court was well aware that Appellant had already been given numerous chances to change his ways, and that all attempts at drug rehabilitation had failed. We hold that Appellant's life sentence was justifiably assessed and the trial court did not abuse its discretion. Further, we hold that the sentencing scheme in this state, as it currently exists, is not violative of either the UNITED STATES OR TEXAS CONSTITUTIONS. Appellant's points of error are *overruled.*

Additionally, for the record, we do not agree with Appellant's contention that drug crimes are classified as *minor crimes.* When any individual sells an illegal drug to another, he becomes a participant in one of the most serious problems in America today. It is not only the harm caused by the use of illegal drugs to the individual himself that is offensive, but also the damaging, and sometimes, devastating effect on the individual's family, friends, co-workers, and all others close to him. Frequently, drug activity is also the contributing factor of the "necessary" commission of other crimes by the individual to support a habit. Our entire society is negatively affected by criminal drug activities.

The judgment of the trial court is **affirmed.**