Randall v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00199-CR







Brent Randall, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-010-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 A jury found appellant guilty of delivery of a controlled substance and imposed
punishment at confinement for fifty years and assessed a fine of $1,000. Controlled
Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.112, 1989 Tex. Gen. Laws 2230
(Tex. Health & Safety Code Ann. § 481.112, since amended). Appellant raises a single point
of error complaining that the sentence assessed is disproportionate to the crime. We will
affirm the trial court's judgment.



BACKGROUND


 On October 7, 1993, in Taylor, Texas, appellant Brent Randall sold two "rocks"
of crack cocaine to an undercover police officer for forty dollars. Appellant pleaded guilty before
a jury to the offense of delivery of a controlled substance. Thus, the jury's duty was to find
appellant guilty and assess his punishment. See Brinson v State, 570 S.W.2d 937, 938-39 (Tex.
Crim. App. 1978).

 During the punishment phase of the trial, Capitol Area Narcotics Task Force
Officer Kaigler testified that on October 7, 1993, appellant had solicited and sold to him two rocks
of crack cocaine for forty dollars. Officer Tantaksinanukij testified that on August 3, 1993,
appellant sold crack cocaine on four separate occasions to undercover officers. See Tex. Code
Crim. Proc. Ann. art. 37.07, § 3 (West Supp. 1996) (evidence of extraneous offenses is
admissible at punishment phase of trial). Two of the transactions were video taped, and the tapes
were played before the jury at trial. Officer Matthews testified that on August 11, 1993, appellant
again solicited undercover officers and sold to them three rocks of crack cocaine.

 Delivery of cocaine is a first degree felony, punishable by a term of life or by any
term not less than five years but not more than ninety-nine years, including a potential fine not
to exceed twenty thousand dollars. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1,
§ 481.106, 1989 Tex. Gen. Laws 2230 (Tex. Health & Safety Code Ann. § 481.106, since
amended). The trial court assessed appellant's sentence in accordance with the jury's verdict at
fifty years' imprisonment and a one thousand dollar fine.



DISCUSSION


 In a sole point of error, appellant contends that the trial court erred in assessing an
excessive sentence. Appellant argues that the sentence is disproportionally excessive to the
offense in violation of the cruel and unusual punishment clauses of both the federal and state
constitutions. U.S. Const. amend. VIII; Tex. Const. art. I, § 13.

 Appellant has failed to preserve his complaint for appellate review. Neither during
trial nor in his motion for a new trial did appellant apprise the trial court of his position that the
sentence was disproportionate or excessive. See Tex. R. App. P. 52(a). An appellate court "will
not consider errors, even those of constitutional magnitude, not called to the trial court's
attention." State v. Nolan, 808 S.W.2d 556, 559 (Tex. App.--Austin 1991, no pet.); see also
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("Even constitutional errors may
be waived by failure to object at trial."). On appeal, appellant has not alleged that his complaint
raises fundamental error, an exception to the general rule requiring preservation of error. See
Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982). Even if appellant's brief could
be construed as alleging fundamental error, we conclude that the sentence was not fundamental
error because it did not cause such egregious harm as to undermine the basic fairness and
impartiality of appellant's trial. See Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim. App.
1984). Because appellant failed to preserve his complaint for appellate review, we overrule his
single point of error.

 Moreover, we note that appellant does not separately brief or distinguish his federal
and state constitutional arguments. Thus, the point of error also can be overruled as multifarious. 
Heitman v. State, 815 S.W.2d 681, 690-91 n.23 (Tex. Crim. App. 1991); McCambridge v. State,
712 S.W.2d 499, 502 n.9 (Tex. Crim. App. 1986), cert. denied, 495 U.S. 910 (1990).

 Had appellant preserved error, we would still overrule his complaint. In support
of his argument, appellant relies on Solem v. Helm, 463 U.S. 277 (1983). In Solem, the Supreme
Court invalidated a state statute that prescribed life imprisonment without the possibility of parole
as applied to a recidivist with a series of nonviolent prior offenses. In holding that the sentence
was disproportionally excessive to the offense, the Court noted that although a sentence may be
within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment's
prohibition against cruel and unusual punishment. See id. at 287. However, the Court pointed
out that reviewing courts should grant substantial deference to the discretion that trial courts
possess in sentencing convicted criminals as well as to the broad authority that legislatures
necessarily possess in determining ranges of punishment. Id. at 290. The Court further added:



A court's proportionality analysis . . . should be guided by objective criteria,
including (i) the gravity of the offense and the harshness of the penalty; (ii) the
sentences imposed on other criminals in the same jurisdiction; and (iii) the
sentences imposed for the commission of the same crime in other jurisdictions.



Id. at 292. Because appellant never raised a disproportionality complaint below, the record
contains no evidence as to sentences imposed on other criminals in the same or other jurisdictions. 
In the absence of a fully developed record, we cannot engage in the analysis suggested by Solem.

 Moreover, we note that Solem's precedential effect is uncertain in light of the
Supreme Court's more recent decision in Harmelin v. Michigan, 501 U.S. 957 (1991). See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.--Texarkana 1995, no pet.) (questioning continued
viability of Solem). In Harmelin, the Court upheld a life sentence without parole for possession
of 672 grams of cocaine against an Eighth Amendment challenge. In one of the multiple opinions
from the Court, one Justice wrote, "Solem was simply wrong; the Eighth Amendment contains
no proportionality guarantee." Harmelin, 501 U.S. at 965 (Scalia, J.). The remaining opinions
suggest that the Eighth Amendment does encompass a proportionality principle, albeit narrower
than Solem's.

 Interpreting Harmelin and the continued viability of Solem, the Fifth Circuit Court
of Appeals has written:



By applying a head-count analysis, we find that seven members of the Court
supported a continued Eighth Amendment guaranty against disproportional
sentences. Only four justices, however, supported the continued application of all
three factors in Solem, and five justices rejected it. Thus, this much is clear: 
disproportionality survives; Solem does not. Only Justice Kennedy's opinion
reflects that view. It is to his opinion, therefore, that we turn for direction. 
Accordingly, we will initially make a threshold comparison of the gravity of
McGruder's offenses against the severity of his sentence. Only if we infer that the
sentence is disproportionate to the offense will we then consider the remaining
factors of the Solem test and compare the sentence received to (1) sentences for
similar crimes in the same jurisdiction and (2) sentences for the same crime in
other jurisdictions.



McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 113 S. Ct. 146 (1992).

 Assuming that McGruder authoritatively defines the current scope of the Eighth
Amendment guaranty against disproportionate sentences, we will consider the first Solem factor. 
Only if we determine that the sentence is grossly disproportionate to the offense will we consider
the remaining Solem factors.

 Appellant was convicted of delivering crack cocaine, a first degree felony which
carried a possible sentence of ninety-nine years' imprisonment and a twenty thousand dollar fine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.106, 1989 Tex. Gen. Laws
2230 (Tex. Health & Safety Code Ann. § 481.106, since amended). Appellant received a
sentence of only approximately half the maximum term of imprisonment and one twentieth the
maximum fine. Furthermore, unlike the defendant in Solem, appellant will be eligible for future
parole. See Tex. Code Crim. Proc. Ann. art. 42.18, § 8(b)(5) (West Supp. 1996). The prospect
of parole is not hollow. As the Supreme Court stated in Solem, "Parole is a regular part of the
rehabilitative process. Assuming good behavior, it is the normal expectation in the vast majority
of cases." Solem, 463 U.S. at 300.

 It is the responsibility of the legislature to formulate public policy and to establish
the appropriate range of punishment for offenses committed against the State. Robinson v. State,
906 S.W.2d 534, 536 (Tex. App.--Tyler 1995, no pet.). Crack cocaine is a highly addictive drug
which, as evidenced by the severity of the potential punishment, the legislature has determined
to be a major threat to the general health and welfare of the state. The jury heard evidence that
appellant had repeatedly engaged in delivery of crack cocaine on several occasions.

 Given that (1) the sentence imposed is well below the maximum available
punishment; (2) appellant remains eligible for parole; (3) the strong legislative, public policy
mandate against drugs such as crack cocaine; and (4) in light of the evidence in this record, we
cannot say that appellant's sentence was disproportionally excessive to the offense. Therefore,
we need not consider the remaining Solem factors. We hold that appellant's sentence does not
offend either the federal or state constitutions.



CONCLUSION


 Having overruled appellant's sole point of error, we affirm the trial court's
judgment.



 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and Onion*

Affirmed

Filed: April 24, 1996

Do Not Publish














* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



hth Amendment does encompass a proportionality principle, albeit narrower
than Solem's.

 Interpreting Harmelin and the continued viability of Solem, the Fifth Circuit Court
of Appeals has written:



By applying a head-count analysis, we find that seven members of the Court
supported a continued Eighth Amendment guaranty against disproportional
sentences. Only four justices, however, supported the continued application of all
three factors in Solem, and five justices rejected it. Thus, this much is clear: 
disproportionality survives; Solem does not. Only Justice Kennedy's opinion
reflects that view. It is to his opinion, therefore, that we turn for direction. 
Accordingly, we will initially make a threshold comparison of the gravity of
McGruder's offenses against the severity of his sentence. Only if we infer that the
sentence is disproportionate to the offense will we then consider the remaining
factors of the Solem test and compare the sentence received to (1) sentences for
similar crimes in the same jurisdiction and (2) sentences for the same crime in
other jurisdictio