NUMBER 13-00-359-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

BERNARDO LOPEZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 148th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Bernardo Lopez, appeals from an order terminating his community supervision. Pursuant to a plea bargain,
appellant was convicted on his plea of guilty to felony DWI and sentenced to five years confinement, but placed on
community supervision for five years. This was appellant's third DWI conviction. (1) Appellant's community supervision
was revoked based on his plea of true to violating the conditions of his supervision. (2) The trial court reduced appellant's
term of confinement from the original five year sentence to three years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 23
(Vernon Supp. 2001).

By one point of error, appellant now contends that the punishment assessed by the trial court was disproportionate to the
seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments of the United States Constitution.
We affirm.

To preserve a complaint for appellate review, an appellant must have presented to the trial court a timely request, objection,
or motion, stating the specific grounds for the ruling desired, unless the specific grounds of a complaint are apparent from
the record. Tex. R. App. P. 33.1 (a)(1). It is well established that almost every right, constitutional and statutory, may be
waived by the failure to object. See Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); Stevens v. State, 667
S.W.2d 534, 538 (Tex. Crim. App. 1984). Moreover, by failing to object in the trial court that the punishment assessed is
disproportionate to the crime, appellant waives any error regarding his sentence. Quintana v. State, 777 S.W.2d 474, 479
(Tex. App.-Corpus Christi 1989, pet. ref'd.); see Jackson v. State, 989 S.W.2d 842, 843 (Tex. App.-Texarkana 1999, no
pet.); Robinson v. State, 906 S.W.2d 534, 536 (Tex. App.-Tyler 1995, no pet.).

After reviewing the record, we conclude appellant made no objection in the revocation proceeding that the punishment
assessed against him was disproportionate to the crime, or that the sentence assessed was in violation of the Eighth and
Fourteenth Amendments of the United States Constitution. Furthermore, the record establishes that appellant agreed to
plead true to the violations in exchange for the three year sentence. At the revocation hearing, Lopez also stated that the
punishment assessed against him was "fair." Accordingly, appellant has not preserved his right to appeal the sentence
assessed.

Morever, appellant could have been sentenced anywhere from two to ten years since his conviction was enhanced to a
third-degree felony. See Tex. Pen. Code Ann. § 12.34 (Vernon 1994). Therefore, even had this issue been preserved,
where the punishment assessed does not exceed the statute's limits, the Texas Court of Criminal Appeals has held that the
punishment is not excessive, or cruel and unusual within the constitutional prohibition. See Jordan v. State, 495 S.W.2d
949, 952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Appellant's sole point of
error is overruled.



We AFFIRM the judgment of the trial court.

NELDA V. RODRIGUEZ

Justice



Do not publish.

Tex. R. App. 47.3.



Opinion delivered and filed this 

the 12th day of July, 2001

1. Appellant's conviction was enhanced to a third-degree felony, punishable by a sentence of two to ten years confinement,
Tex. Pen. Code Ann. § 12.34 (Vernon 1994), by virtue of his having twice been convicted of driving while intoxicated. 
Tex. Pen. Code Ann. §§ 49.04 & 49.09 (Vernon Supp. 2001). 

2. Appellant violated his community supervision conditions by being arrested and charged with possession of marijuana,
public intoxication, resisting arrest, and by absconding from a residential treatment facility before obtaining authorization.