Affirmed and Memorandum Opinion filed November 13, 2008








Affirmed and Memorandum Opinion filed November 13, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00002-CR

_______________

 

MARIO ALBERTO RODRIGUEZ-GOMEZ,

Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause No. 06-11-12248

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Mario Alberto Rodriguez-Gomez,
challenges the sentence assessed following his guilty plea to possession of a
controlled substance with intent to deliver.  The trial court assessed
punishment as confinement for 20 years.  Appellant contends that (1) the trial
court abused its discretion in sentencing him to confinement for five more
years than his co-defendant; and (2) the disparate sentences violated the equal
protection clauses of the United States Constitution and the Texas
Constitution.  We affirm.

 








Background

On June 25, 2007, appellant and his
co-defendant pled guilty in open court to a first-degree felony charge of
possession of 400 grams or more of a controlled substance with intent to
deliver.  The sentencing hearing for both defendants occurred on November 15,
2007.  After hearing testimony and reviewing pre-sentence investigation reports
for both defendants, the trial court sentenced appellant to confinement for 20
years and his co-defendant to confinement for 15 years.  Appellant did not object
to his sentence when it was pronounced, and the record does not indicate that a
motion for new trial was filed. 

Analysis

Appellant challenges the trial court=s decision to sentence him to
confinement for 20 years while sentencing his co-defendant to confinement for
15 years, claiming that the evidence is insufficient to support the trial court=s sentencing.  Appellant also
challenges the five-year difference between the punishments assessed as
violating the equal protection clauses of the United States Constitution and
the Texas Constitution.  

I.          Did
the Trial Court Abuse Its Discretion by Sentencing Appellant to Longer
Confinement Than His Co-Defendant?         

We review a sentence imposed by the
trial court for abuse of discretion.  Buerger v. State, 60 S.W.3d 358,
363 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d) (citing Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).  A trial court does not abuse its
discretion unless its decision falls outside the zone of reasonable
disagreement.  Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App.
1997) (en banc).  As a general rule, a penalty assessed within the proper
punishment range will not be disturbed on appeal.  Buerger, 60 S.W.3d at
363 (citing Jackson, 680 S.W.2d at 814).  Possession of 400 grams or
more of cocaine with intent to deliver is punishable by confinement for 15-99
years and a fine of up to $250,000.  See Tex. Health & Safety Code
Ann. _ 481.112(f) (Vernon 2003).








As a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely objection or motion.  Tex. R. App. P.
33.1(a)(1).  An appellant may not assert error pertaining to his sentence or
punishment when he failed to object or otherwise raise the error in the trial
court.  Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en
banc).  In the trial court, appellant did not raise the arguments he now
asserts on appeal.  Because appellant never complained to the trial court by
objection or motion about the length of his sentence, he leaves us with nothing
to review.  See Mercado, 718 S.W.2d at 296; Tex. R. App. P. 33.1(a)(1).

We overrule appellant=s issue regarding whether the trial
court abused its discretion by sentencing him to confinement for five more
years than his co-defendant.

II.        Appellant=s Constitutional Claims         

Constitutional claims may be waived
by the failure to raise a timely objection in the trial court.  Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (en banc).  An appellant
waives his equal protection complaint about sentencing by failing to object in
the trial court.  Robinson v. State, 906 S.W.2d 534, 536 (Tex. App.BTyler 1995, no pet.) (citing Thomas
v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (en banc)); see
also Tex. R. App. P. 33.1(a)(1).

Appellant made no objection before
the trial court to the length of his prison sentence.  Because appellant failed
to timely object, he did not preserve his equal protection claims and therefore
leaves us with nothing to review.  See Broxton, 909 S.W.2d at 918; Robinson,
906 S.W.2d at 536; Tex. R. App. P. 33.1(a)(1).

We overrule appellant=s issue regarding violation of his
federal and state equal protection rights.

 

 

 

 

 

 








Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed November 13, 2008.

Panel consists of Justices Yates,
Seymore, and Boyce.

Do not publish C Tex. R. App. P. 47.2(b).