**Affirm and Opinion Filed April 25, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00303-CR
## No. 05-22-00304-CR

**ROYAL LEE WARE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-2160249-M & F-2160250-M**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

Appellant Royal Ware was indicted for three offenses: possession of cocaine with intent to deliver in an amount of 4 grams or more but less than 200 grams, a felony of the first degree; possession of phencyclidine with intent to deliver in an amount of 1 gram or more but less than 4 grams, a felony of the second degree; and with possession of a firearm by a felon, a felony of the third degree. The indictments included enhancement paragraphs to account for Ware's prior felony convictions for possession and burglary. Ware entered an open plea of guilty to the charges, which,

as enhanced, carried a punishment range of 25 years to life. The trial court assessed punishment at life in prison and sentenced Ware accordingly.

On appeal, Ware argues his sentence is grossly disproportionate to the crime committed. He asserts that sentencing a man in his sixties to a term of life imprisonment for a nonviolent offense violates the Eighth Amendment's bar on cruel and unusual punishment.[1]

We hold that Ware did not preserve this argument for appellate review. Even if he had, Ware's sentence is not unconstitutional. We therefore affirm.

## I. The Eighth Amendment Claim was not Preserved

To begin, we address preservation because we "may not reverse a judgment of conviction without first addressing any issue of error preservation." *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016) (cleaned up). Constitutional rights, including the right to be free from cruel and unusual punishment, may be forfeited. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under the Texas Constitution was not

---

[1]Ware also challenges his sentence under the parallel provisions of the Texas Constitution. We do not address this argument separately because "the Texas Court of Criminal Appeals has concluded there is no significant difference between the protections afforded" by the state and federal constitutions with respect to cruel and unusual punishment. *Forbit v. State*, No. 05-19-00946-CR, 2021 WL 1884655, at *1 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op., not designated for publication) (citing, *inter alia*, *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997)).

–2–

preserved). For error to be preserved, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1).

Ware did not object after his sentence was pronounced, and though he filed a motion for new trial, it did not mention the complaint he now raises on appeal. Therefore, the Eighth Amendment claim was not preserved for appellate review.

## II.     The Sentence was not Unconstitutionally Disproportionate

Assuming preservation for the sake of argument, Ware still would not prevail. Generally, a sentence within the statutory range of punishment—like Ware's sentence—is not excessive, cruel, or unusual under the Eighth Amendment, and we will not disturb it on appeal. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). The sentencer's discretion to impose any punishment within the prescribed range is "essentially unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (internal quotation omitted).

However, even a sentence falling within the statutory range of punishment must be proportionate to the crime. *See Solem v. Helm*, 463 U.S. 277, 290 (1983). Embodied in the Constitution's ban on cruel and unusual punishment is the principle that punishment should be graduated and proportioned to the offense. *Graham v. Florida*, 560 U.S. 48, 59 (2010). The Texas Court of Criminal Appeals has described this as "a narrow principle that does not require strict proportionality between the crime and the sentence," *Simpson*, 488 S.W.3d at 322, and "a very limited" and "somewhat amorphous" form of review, *Chavez*, 213 S.W.3d at 323–24. The

prohibition against grossly disproportionate sentences is applied "only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Only twice has the U.S. Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate. *Simpson*, 488 S.W.3d at 323.

We begin by comparing the gravity of the offense and the severity of the sentence. *Graham*, 560 U.S. at 60. In making this comparison, we examine (1) the sentence's severity in light of the harm caused or threatened to the victim or society, (2) the offender's culpability, and (3) the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.*

The gravity of Ware's most recent offense was significant. According to trial testimony, Ware sold controlled substances to undercover officers four times in October 2021. When police raided the drug house where he was living, they recovered 532 baggies of crack cocaine, 14 larger vials of phencyclidine (PCP), and a handgun, which Ware was prohibited from possessing as a felon. "Texas law classifies the distribution of illegal drugs as a grave harm to society . . . ." *Bolar v.*

–4–

*State*, 625 S.W.3d 659, 669 (Tex. App.—Fort Worth 2021, no pet.) (cleaned up). "[T]he greater the amount of illicit drugs possessed, the more likely use is widespread and delivery to others is intended, and the greater the harm to society." *Id.* at 670.

In weighing the gravity of Ware's offense, we place on the scales not only his current felony, but also his history of felony recidivism. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality op.). According to trial testimony, Ware's record of felony offenses began in 1990, when he received four burglary convictions. Another conviction for felony possession of a controlled substance followed in 1991. In 1993, he was sentenced as a habitual offender to 25 years in prison for a possession offense. After he was paroled in 2002, he sold crack cocaine to an undercover officer, for which he was sentenced to eight years' confinement in 2003. In 2009, he was again arrested, this time for choking a woman. He received probation, which was revoked in 2013 after he accrued still more convictions for possession, burglary, and theft. By the time of Ware's most recent offense, he had amassed eleven felony convictions in all, and his four chances at probation and five separate stints in prison did not appear to have had a rehabilitative effect. At sentencing, the trial court summed up Ware's 32-year criminal career by calling it "one of the worst criminal records that I've seen in the number of years that I've been on the bench." When faced with recidivism of this kind, "Texas was entitled to place upon [Ware] the onus of one who is simply unable to bring his conduct

–5–

within the social norms prescribed by the criminal law of the State." *See Rummel v. Estelle*, 445 U.S. 263, 284 (1980).

*Solem* directs us to "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." 463 U.S. at 290. Considering the facts of this case, and deferring to the Legislature's and trial court's judgments, we hold that this is not one of the rare cases in which a sentence within the applicable range violates the Eighth Amendment. *See Robinson v. State*, 906 S.W.2d 534, 537 (Tex. App.—Tyler 1995, no pet.) (rejecting an Eighth Amendment challenge of a life sentence for cocaine distribution with multiple prior felonies; "The trial court was well aware that Appellant had already been given numerous chances to change his ways, and that all attempts at drug rehabilitation had failed. We hold that Appellant's life sentence was justifiably assessed . . . ."). Because Ware's sentence does not meet the threshold of a grossly disproportionate punishment, we do not examine the other factors concerning comparative sentencing. *See Simpson*, 488 S.W.3d at 323.

We overrule Ware's sole issue and affirm the judgments.


/Emily Miskel/
EMILY MISKEL
JUSTICE

Do Not Publish.
Tex. R. App. P. 47.2(b)
220302F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROYAL LEE WARE, Appellant

No. 05-22-00303-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2160249-M. Opinion delivered by Justice Miskel. Justices Carlyle and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROYAL LEE WARE, Appellant

No. 05-22-00304-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-2160250-M.
Opinion delivered by Justice Miskel. Justices Carlyle and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of April, 2023.